UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RAMON MURIC-DORADO,

Plaintiff,

v.

LVMPD et al.,

Defendants.

Case No. 2:18-cv-01184-JCM-GWF

SCREENING ORDER

Plaintiff, who is an inmate in the custody of the Clark County Detention Center ("CCDC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion for appointment of counsel, a motion for preliminary injunction, and a motion for temporary restraining order. (ECF Nos. 1, 1-1, 1-2, 1-3, 3, 4, 5). The court now addresses the application to proceed *in forma pauperis*, screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A, and addresses the remaining motions.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Before the court is plaintiff's application to proceed *in forma pauperis.* (ECF No. 1). Based on the information regarding plaintiff's financial status, the court finds that plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

///

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d

1  756, 759 (9th Cir. 1999). In making this determination, the court takes as true all
2  allegations of material fact stated in the complaint, and the court construes them in the
3  light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th
4  Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than
5  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While
6  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,
8  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is
9  insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   SCREENING OF COMPLAINT**

Plaintiff has filed a 337-page complaint and sues over 26 defendants and multiple Doe defendants consisting of Las Vegas Metropolitan Police Department ("LVMPD")

employees and Clark County employees. (*See* ECF Nos. 1-1, 1-2, 1-3). The court dismisses the complaint in its entirety, without prejudice, with leave to amend. The court now advises plaintiff of the following requirements under the Federal Rules of Civil Procedure in order to facilitate the filing of a properly formatted first amended complaint. Plaintiff is advised that the failure to comply with these rules while drafting and filing his first amended complaint may result in this action being dismissed.

First, plaintiff's first amended complaint must be short and plain. Pursuant to Federal Rule of Civil Procedure 8, plaintiff's first amended complaint must contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* A 337-page complaint is not "short and plain."

Second, plaintiff may not raise multiple unrelated claims in a single lawsuit. Plaintiff is advised that the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay

the required filing fees for their lawsuits and to prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

Lastly, plaintiff's first amended complaint must be complete in itself. If plaintiff chooses to file a first amended complaint he is advised that a first amended complaint supersedes the original complaint and, thus, the first amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's first amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff must file the first amended complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The court notes that if plaintiff chooses to file a first amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the first amended complaint within 30 days from the date of entry of this order. If plaintiff chooses not to file a first amended complaint curing the stated deficiencies, the court shall dismiss this action without prejudice.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 3). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983

---

[1] If plaintiff needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

1  action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the court does not find exceptional circumstances that warrant the appointment of counsel at this time. The court denies the motion for appointment of counsel without prejudice.

**V.    MOTIONS FOR PRELIMINARY INJUNCTION AND TRO**

The court has reviewed the motions for preliminary injunction and temporary restraining order ("TRO"). (ECF Nos. 4, 5). The court denies these motions without prejudice due to plaintiff's need to file a first amended complaint that complies with the Federal Rules of Civil Procedure and because there are no allegations in the motions demonstrating irreparable harm at this time.[1]

**VI.    CONCLUSION**

For the foregoing reasons, it is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County

---

[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Ramon Muric-Dorado, #1673321** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada department of corrections, the CCDC accounting supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. The clerk shall send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the clerk of the court file the complaint (ECF Nos. 1-1, 1-2, 1-3) and send plaintiff a courtesy copy of the complaint.

It is further ordered that the complaint is dismissed in its entirety, without prejudice, with leave to amend.

It is further ordered that, if plaintiff chooses to file a first amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the first amended complaint within 30 days from the date of entry of this order.

It is further ordered that the clerk of the court shall send to plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If plaintiff chooses to file a first amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if plaintiff fails to file a first amended complaint curing the deficiencies outlined in this order, this action shall be dismissed without prejudice.

It is further ordered that the motion for appointment of counsel (ECF No. 3) is denied without prejudice.

1 | It is further ordered that the motions for preliminary injunction and temporary
2 | restraining order (ECF Nos. 4, 5) are denied without prejudice.

DATED July 9, 2018.

_____
UNITED STATES DISTRICT JUDGE