1  UNITED STATES DISTRICT COURT
2  DISTRICT OF NEVADA

3  RAMON MURIC-DORADO,                     Case No. 2:18-cv-01184-JCM-GWF
4                         Plaintiff              SCREENING ORDER ON
                                                 FIRST AMENDED COMPLAINT
5     v.
6  LVMPD et al.,
7                         Defendants

Plaintiff is a pretrial detainee in the custody of the Clark County Detention Center ("CCDC"). On June 28, 2018, plaintiff submitted a 337-page civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-1, 1-2, 1-3). On July 9, 2018, the court issued an order dismissing the complaint in its entirety, without prejudice, with leave to amend and advised plaintiff how to properly format his first amended complaint ("FAC") in accordance with the Federal Rules of Civil Procedure. (ECF No. 7). On August 8, 2018, plaintiff submitted a motion for leave to file excess pages and attached a 100-page FAC. (ECF Nos. 9, 9-1). Plaintiff also filed a motion for reconsideration on the order denying plaintiff's earlier motions for appointment of counsel, permanent injunction, and temporary restraining order. (ECF No. 10). The court first addresses the motion for reconsideration and then screens the FAC pursuant to 28 U.S.C. § 1915A.

**I.     MOTION FOR RECONSIDERATION**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court

already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The court denies the motion for reconsideration (ECF No. 10). The court has reviewed its original order and plaintiff's motion and finds that it did not commit clear error in the original screening order.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United*

*States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

1 fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF FAC[1]

As an initial matter, the court appreciates plaintiff's attempt to comply with this court's order and make his FAC shorter and plainer. (*See* ECF No. 7 at 4). However, the court dismisses plaintiff's FAC in its entirety, without prejudice, with leave to amend. The court has reviewed plaintiff's 100-page FAC. A large portion of plaintiff's FAC challenges issues that fall within the core of habeas corpus.

The Supreme Court has held that an inmate in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state [inmate's] § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the [inmate's] suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

A large portion of plaintiff's FAC challenges his arrest, police investigation tactics, ineffective assistance of counsel, grand jury issues, perjured police testimony, seizure of evidence, search warrants, and issues at his criminal court hearings. These are challenges that, if successful, could invalidate plaintiff's confinement. As such, these issues must be raised in a habeas corpus proceeding and not in a § 1983 action.

The court acknowledges that a portion of plaintiff's 100-page FAC does sound in § 1983. For instance, plaintiff appears to be raising issues with his conditions of confinement at the CCDC. The court acknowledges that plaintiff may raise these claims

---

[1] The motion to file excess pages (ECF No. 9) is granted.

1  in a § 1983 action and directs plaintiff to file a second amended complaint that only
2  addresses his § 1983 issues.

3  Plaintiff is granted leave to file a second amended complaint to cure the
4  deficiencies of the FAC. If plaintiff chooses to file a second amended complaint he is
5  advised that a second amended complaint supersedes (replaces) the original complaint
6  and FAC and, thus, the second amended complaint must be complete in itself. *See Hal*
7  *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)
8  (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an
9  amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d
10 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not
11 required to reallege such claims in a subsequent amended complaint to preserve them
12 for appeal). Plaintiff's second amended complaint must contain all claims, defendants,
13 and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff
14 must file the second amended complaint on this court's approved prisoner civil rights form
15 and it must be entitled "Second Amended Complaint."

16 The court notes that if plaintiff chooses to file a second amended complaint curing
17 the deficiencies, as outlined in this order, plaintiff shall file the second amended complaint
18 within 30 days from the date of entry of this order. If plaintiff chooses not to file a second
19 amended complaint curing the stated deficiencies, the court will dismiss this action
20 without prejudice.

21 **IV.    CONCLUSION**

22 For the foregoing reasons, it is ordered that the motion for leave to file excess
23 pages (ECF No. 9) is granted.

24 It is further ordered that the clerk of the court file the FAC (ECF No. 9-1) and send
25 plaintiff a courtesy copy.

26 It is further ordered that the FAC (ECF No. 9-1) is dismissed in its entirety, without
27 prejudice, with leave to amend.

28 It is further ordered that the motion for reconsideration (ECF No. 10) is denied.

It is further ordered that, if plaintiff chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the clerk of the court shall send to plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that the clerk of the court shall send plaintiff one copy of an *in forma pauperis* application form for a prisoner, one copy of the instructions for the same, one copy of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

DATED February 19, 2019.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE