# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAMON MURIC-DORADO,

    Plaintiff

v.

LVMPD et al.,

    Defendants

Case No. 2:18-cv-01184-JCM-GWF

ORDER

Presently before the court is the matter of *Muric-Dorado v. LVMPD et al*, case no. 2:18-cv-01184-JCM-GWF.

*Pro se* plaintiff Ramon Muric-Dorado ("plaintiff") initiated the instant prisoner's civil rights action on June 28, 2018, alleging numerous, on-going deprivations of his constitutional rights by the Las Vegas Metropolitan Police Department ("LVMPD"), its officers, the Clark County Detention Center ("CCDC"), its officers, and various other individuals and organizations. (ECF No. 1).

Thereafter, on July 24, 2019, plaintiff filed two identical motions with different titles—one requesting a temporary restraining order ("TRO") and the other requesting a preliminary injunction against defendants on a matter unrelated to any of the underlying claims in this case. (ECF Nos. 17, 18).

Through his motions for TRO and preliminary injunction, plaintiff seeks to enforce a January 14, 2019, state court order directing CCDC to allow plaintiff to see an optometrist and obtain glasses for him, if necessary.[1] *Id.* Plaintiff alleges that, as of the date of his motions, CCDC has failed to provide him with the prescription glasses that he needs. *Id.*

In addition to the fact that the relief plaintiff requests relates to a matter that is

---

[1] Plaintiff has attached a copy of the state court's order granting his *ex parte* motion to the instant motions for TRO and preliminary injunction. *See* (ECF Nos. 17, 18).

wholly unrelated to the underlying claims in this case, plaintiff's motion must be denied for lack of subject-matter jurisdiction. The Eleventh Amendment prohibits a federal district court from enforcing a state court order against state officials. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). *See also Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017) ("Rule 69 [governing execution of judgments] is not available to enforce state court judgments in federal court.").

Therefore, plaintiff must return to state court to obtain the relief that he is seeking. Plaintiff's motions are denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for preliminary injunction (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for TRO (ECF No. 18) be, and the same hereby is, DENIED.

IT IS SO ORDERED.

DATED July 29, 2019.

							*[signature]*
							UNITED STATES DISTRICT JUDGE