UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMON MURIC-DORADO, | Case No. 2:18-cv-01184-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LVMPD, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Ramon Muric-Dorado's ("Plaintiff") Motion for Leave to File a Supplemental Complaint Pursuant to Rule 15(d) Fed. R. Civ. P. (ECF No. 24). Plaintiff's Motion was filed on October 25, 2019. The Court interprets the Motion to seek to add Corrections Officer Bunch in place of John Doe Defendant in Count 13 of his existing Complaint. Defendant further interprets Plaintiff's Motion as seeking to add Count 27, which is alleged under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution, as a violation of Plaintiff's Eighth Amendment rights. The Court also notes that Plaintiff states he "has determined that true names and or Badge Numbers for John/Jane Does of Count 12, and Count 13, and Count 18, and Count 19" of his Second Amended Complaint. Before ruling on Plaintiff's Motion, the Court summarizes what claims currently exist and against which Defendants.

**I.  PREVIOUS REVIEWED CLAIMS**

In its October 1, 2019 Order, the Court found as follows:

- Counts 1 through 11: These claims were dismissed with leave to amend. The Court explained that these claims are properly brought through a habeas corpus action and not through a Section 1983 action. The Court sent Plaintiff a copy of the 28 U.S.C. § 2254 form (a federal habeas form) as a courtesy. Plaintiff pointed out that he was a pretrial detainee at the time and could bring an action under Section 2241, which the Court confirmed. However, under any circumstances, these claims could not be bought under 42 U.S.C. § 1983. ECF No. 22 at 5.

- Count 12: This claim was dismissed as alleged under the First, Fourth, Fifth, Sixth, and Eighth Amendments of the U.S. Constitution, and under Art. 4, § 17 of the Nevada Constitution. However, the Court interpreted the claim as arising under the Fourteenth Amendment Due Process Clause "because [the] Doe

1

classification committee appears to have punished plaintiff for 406 days by holding plaintiff in solitary confinement without a hearing." *Id*. at 7. Thus, Plaintiff's Fourteenth Amendment Due Process Claim against the LVMPD/CCDC Doe Committee remains before the Court. *Id*. at 26. Plaintiff seeks to add names to his pleading of this claim, which the Court will allow.

- Count 13: Plaintiff alleged First, Fourth, Fifth, Eighth and Fourteenth Amendment Claims, as well as state law assault and battery claims arising from a series of events detailed at *id*. at 8-9. The Court interpreted this as a Fourteenth Amendment due-process grievance process claim, a Fourteenth Amendment denial of access to the grievance procedure claim, a Fourteenth Amendment excessive force claim, a Fourteenth Amendment conditions of confinement claim, a First Amendment-retaliation claim, and a state law assault and battery claim.

    o The Court found Plaintiff stated the following colorable claims:
        - First Amendment retaliation against Defendants Kelsey, Esparza, Kim, and Portello;
        - Fourteenth Amendment denial of access to the grievance procedure against Defendants Kelsey, Mariscal, Esparza, Neumuller, and Maekaelee;
        - Fourteenth Amendment excessive force against Defendants Kelsey, Portello, and Kim;
        - Fourteenth Amendment conditions of confinement against Esparza and Mariscal (for exercise), and Doe Officers (for denial of proper footwear); and,
        - State law assault and battery against Defendants Kelsey, Portello, and Kim.

    *Id*. at 8-13. All other allegations arising in Plaintiff's Count 13 were dismissed.

- Counts 14 and 15: The Court dismissed these claims without prejudice as duplicative of Count 13 claims and as stating a claim for privacy in Plaintiff's cell, which is not a viable claim under the Fourth Amendment. *Id*. at 13.

- Counts 16 and 17: The Court found Plaintiff stated colorable retaliation claims under the First Amendment against Defendants Esparza (Count 16) and Mariscal (Count 17). *Id*. at 14-15.

- Count 18: The Court interpreted this claim as arising under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and held that Plaintiff stated colorable claims as follows:
    o A First Amendment retaliation against Defendants Reynald, Newman, Patton, Green, and Doe Officers;
    o A Fourth Amendment violation for a strip search against Doe Officers;
    o A Fourteenth Amendment Due Process-property deprivation against Reynald, Newman, Patton, Green, and Doe Officers; and,
    o A Nevada Due Process claim under Article I, § 8 under the Nevada Constitution against Defendants Reynald, Newman, Patton, Green, and Doe Officers.

*Id*. at 15-17. All other claims alleged under Count 18 were dismissed without prejudice. *Id*. at 27.

- Count 19: The Court interpreted these claims as arising under the First Amendment for retaliation, the Fourteenth Amendment for due process property-deprivation, and the Nevada Constitution for due process property-deprivation. The Court allowed the retaliation claim to go forward against Defendants Shrewberry, Razzo, Whexl, and Doe cell search officers and the federal and state due process property-deprivation claims to go forward against Defendants Shrewberry, Razzo, Whexl, and Doe cell search officers. *Id.* at 18. All other claims alleged Count 19 were dismissed without prejudice. *Id.* at 27.

- Count 20: The Court dismissed this claim without prejudice. *Id.* at 19.

- Count 21: The Court dismissed this claim without prejudice. *Id.* at 20.

- Count 22: The Court found Plaintiff alleged claims under the First and Fourteenth Amendments, as well as under 42 U.S.C. § 1985(2),(3). The Court dismissed Fourteenth Amendment and Section 1985 claims without prejudice, and permitted the First Amendment retaliation claim to proceed against Doe Officers. *Id.* at 20. All other claims in count 22 were dismissed without prejudice. *Id.* at 27.

- Count 23: The Court found Plaintiff stated a colorable First Amendment claim for retaliation, on or after December 23, 2017, for adverse action against Defendant Maekaelee, but dismissed Plaintiff's retaliation claim against Defendant Maekaelee arising from "actions prior to December 23, 2017, because plaintiff has not alleged that he engaged in any protected activity prior to that date . . .." *Id.* at 21.

- Count 24: The Court found Plaintiff stated a colorable First Amendment retaliation claim against Defendant Neumuller arising from Plaintiff's December 23, 2017 grievance. The Court dismissed all other claims by Plaintiff against Defendant Neumuller without prejudice. *Id.* at 22.

- Count 25: The Court found Plaintiff's vicarious liability claim against Clark County failed to state a claim and, therefore, dismissed this claim without prejudice. *Id.* at 22.

- Count 26: The Court found Plaintiff alleged violations of the Eighth and Fourteenth Amendments, "medical malpractice/negligence, and federal criminal statute claims." *Id.* at 23. The Court concluded that Plaintiff stated colorable Fourteenth Amendment inadequate medical claims against physician Karla and Naphcare, and dismissed all other claims made by Plaintiff without prejudice, but without leave to amend. *Id.* at 24.

## II. **DISCUSSION**

Rule 15(d) allows the Court to permit a party to file "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, "'Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in

existence when the original complaint was filed.'" *Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir.1998) (citation omitted).

Motions to file supplemental pleadings under Rule 15(d) are liberally and are appropriate so long as there exists "some relationship ... between the newly alleged matters and the subject of the original action." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Thus, Rule 15(d) has very broad application and "plainly permits supplements to cover events happening after suit." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964); *see also Keith*, 858 F.2d at 474. Before final judgment is entered, "[m]otions to amend pursuant to Rule 15(d) should be granted '[u]nless undue prejudice to the opposing party will result.'" *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Amending a complaint under Rule 15(a) is different than supplementing a complaint under Rule 15(d). "The former relate[s] to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the later deal[s] with events subsequent to the pleading to be altered and merely represent[s] additions to or continuations of the earlier pleadings." 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1504 (2nd ed. 1990). When a complaint is amended, the original complaint is wholly usurped and disregarded in favor of the new amended complaint. Supplementing a complaint merely adds a layer to the original pleading, and as such, the original, yet changed, complaint remains in effect.

Here, Plaintiff seeks to supplement his Second Amended Complaint by naming Doe Defendants in Counts 12, 13, 18, and 19. Plaintiff also seeks to add a new claim the existence of which arose on September 19, 2019, after Plaintiff sought to file his Second Amended Complaint (*see* ECF No. 15). In this proposed new count, Plaintiff alleges that proposed Defendant Bunch, purposely and knowingly allowed Plaintiff to be placed next to a maximum security prisoner in an elevator; that the maximum security prisoner "violently head butted" Plaintiff causing him a severe injury (a cut to the bone) requiring stitches and resulting in dizziness, nausea, head swelling, a severe black eye, and a mixture of severe pain and numbness throughout his face. ECF No. 24 at 4 and 5. Plaintiff further alleges that "Movement Officer" Bunch knew Plaintiff was a P-C

4

(protected custody) inmate and that "max-custody inmate was known to be a maximum security inmate from unit 6-M Maximum Security Unit in C.C.D.C." *Id*. at 5. Plaintiff states that Movement Officer Bunch "knew of and disregarded an excessive risk" to his health and safety. *Id*.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Wilson v. Seiter,* 501 U.S. 294 (1991). Lower courts uniformly hold, and the Supreme Court has held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556, 558 (1977) (internal quotation marks and citation omitted), *cert. denied*, 488 U.S. 823 (1988). Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Of course, every injury suffered by one prisoner at the hands of another that does not translate into constitutional liability for prison officials responsible for the victim's safety. Rather, prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson,* 501 U.S. at 298; and, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes,* 452 U.S. at 347. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson,* 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted). To violate the Eighth Amendment's Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. *See id.,* at 302–303. Ultimately, as stated in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the Court held that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*.

Plaintiff's claim asserts facts that meet the pleading requirements of an Eighth Amendment claim. Specifically, Plaintiff alleges detailed facts regarding what Officer Bunch knew and purposely did to place Plaintiff at excessive risk of substantial harm. Plaintiff also asserts details regarding what Officer Bunch deliberately did not do when Plaintiff was attacked and seriously injured.

**III. CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d) (ECF No. 24) is GRANTED.

IT IS FURTHER ORDERED that the Court's October 1, 2019 Order regarding claims in Plaintiff's Second Amended Complaint remains in effect and all claims that survived that Order remain operative.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint is supplemented to include Count 27 against Officer Bunch in his individual capacity for an alleged violation of Plaintiff's Eighth Amendment Rights.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint is supplemented to add Officer Bunch to Plaintiff's Count 13 for Fourteenth Amendment conditions of confinement for denial of proper footwear.

IT IS FUTHER ORDERED that within 30 days of the date of this Order Plaintiff shall file a supplemental pleading identifying the Defendants' names and badge numbers, to the extent known, that he wishes to add to Counts 12, 18, and 19.

IT IS FURTHER ORDERED that the Clerk of Court **SHALL issue a summons** for Officer Bunch and **deliver the same** to the U.S. Marshal for service. The Clerk of Court **SHALL** also send a copy of this Order together with a copy of Plaintiff's Second Amended Complaint (ECF No. 15) to the U.S. Marshal for service on Defendant Bunch.

IT IS FURTHER ORDERED that the Clerk of Court **SHALL** send Plaintiff a USM-285 form. **Plaintiff shall have thirty (30) days** within which to furnish the U.S. Marshal the required USM-285 form with relevant information as to Officer Bunch.

IT IS FURTHER ORDERED that because Defendants Naphcare Incorporated, Karla, Kim, Neumuller, Shrewberry, Green, Razzo, Reynald, and Whexl were not effectively served because they could not be located, or are either no longer employed by or associated with LVMPD or CCDC, Plaintiff shall have thirty (30) days from the date of this Order to file a request with the Court providing as much detail as possible regarding where and how service on each of the unserved Defendants may be accomplished. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 180 days from the date Plaintiff's Complaint was filed.

DATED THIS 15th day of November, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE