| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| RAMON MURIC-DORADO, | Case No. 2:18-cv-01184-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LVMPD, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Request for Reservice of Summon and Complaint to Unserved Defendants filed on December 17, 2019. ECF No. 37. The Court has reviewed Plaintiff's Request, Defendants' Response (ECF No. 41), and Plaintiff's Reply (ECF No. 43). The Court finds as follows.

**Background**

On November 15, 2019, the Court entered an Order (ECF No. 31) stating, in pertinent part, that because Defendants Naphcare Incorporated, Karla, Kim, Neumuller, Shrewberry, Green, Razzo, Reynald, and Whexl were not effectively served, as they could not be located or were no longer employed by or associated with LVMPD or CCDC, Plaintiff had 30 days from the date of the Order to file a "request with the Court providing as much detail as possible regarding where and how service on each of the unserved Defendants may be accomplished." The November 15, 2019 Order also permitted Plaintiff to file a supplemental complaint within 30 days of the date of the Order. Plaintiff filed a Supplemental Complaint, titled Second Amended Complaint, on December 17, 2019 (ECF No. 19) at the same time he filed his instant Request.

With respect to Plaintiff's Request for Reservice, Plaintiff attaches 10 pages of information (ECF No. 37-1 at 1-10) seeks re-service on

- J. Renold (who is no longer employed by or associated with the Las Vegas Metropolitan Police Department ("LVMPD") or Clark County Detention Center ("CCDC") and for whom no new information is provided by Plaintiff), *id*. at 37-1 at 1;
- Defendant Kim (for whom insufficient information was provided, which remains true and is a barrier to effective service), *id*. at 2;

1

- Sgt. Razzo (who is no longer employed by or associated with the LVMPD or CCDC, and for whom no new information is provided by Plaintiff), *id*. at 3;
- Karla (for whom insufficient information was provided by Plaintiff, which remains true and is a barrier to effective service), *id*. at 4;
- Naphcare, (for whom additional information is provided by Plaintiff), *id*. at 5;
- Shrewberry, (who is no longer employed by or associated with the LVMPD or CCDC, and for whom no new information is provided), *id*. at 6;
- Green, (who could not be identified based on the provided information, which remains true), *id*. at 7;
- Neumuller (who is no longer employed by or associated with the LVMPD or CCDC, and for whom no new information is provided), *id*. at 8;
- Whexl (who is no longer employed by or associated with the LVMPD or CCDC, and for whom no new information is provided), *id*. at 9; and,
- Bunch, who was successfully served on January 15, 2020 (ECF No. 42).

The Court notes that also at issue is Larry Williamson, who was named in Plaintiff's Supplemental Complaint and upon whom service has not been attempted (EFC No. 36).

Plaintiff's Request for Re-Service also includes a long and somewhat indecipherable list of document requests at 2-4 of his filing. The Court denies this request for the reasons explained below.

**Discussion**

With respect to Plaintiff's Request for Re-Service, he provides no information regarding the non-work addresses for putative defendants Jesse Reynolds (also identified by Plaintiff as Sgt. Renold), Razzo, Shrewberry, Neumuller or Whexl, each of whom is no longer employed by or associated with LVMPD or CCDC. However, as discussed below, the Court asks Counsel for the served Defendants to provide to the Court the last known contact information for these former employees, under seal. The Court also asks Counsel for the served Defendants to file a notice advising the Court, and Plaintiff, whether Counsel is authorized to accept service for named defendant Larry Williamson. If service cannot be accepted for Williamson, and Williamson is a former employee of the LVMPD or CCDC, Counsel is asked to provide, under seal, and not serve Plaintiff, the last known address for this defendant. If Larry Williamson cannot be identified, Counsel for the served Defendants shall so state in a court filing.

With respect to the Defendants identified as Kim and Karla, Plaintiff provides very little information that would allow for effective service of process. However, Karla is identified as a doctor, which *may* allow for her identification.

Finally, with respect to Plaintiff's apparent discovery requests, even assuming served Defendants could understand what Plaintiff seeks, these requests must be served on (mailed to) Counsel for the Defendants in this action who have been served. Service with the Court is not proper. Counsel for the served Defendants, upon whom discovery request are properly mailed, is as follows:

> Lyssa S. Anderson
> Ryan W. Daniels
> Kaempfer Crowell
> 1980 Festival Plaza Drive, Suite 650
> Las Vegas, Nevada 89135

The Court, however, notes that no discovery plan or scheduling order has been entered to date. This is provided below in the Court's Order. Further, Plaintiff should note that each request should be stated separately and clearly, identifying to which served Defendant each request is made.

## **ORDER**

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that within **twenty-one (21) days** of the date of entry of this Order:

1. Counsel for Defendants for whom service has been accepted shall file a notice advising the Court and Plaintiff whether Counsel is authorized to accept service for named defendant Larry Williamson. If service cannot be accepted for Williamson, and Williamson is a former employee of the LVMPD or CCDC, Counsel shall provide, under seal, and not serve Plaintiff, with the last known address for this defendant, if Counsel has such information. If Williamson cannot be identified, Counsel for the served Defendants shall so state in the Court filing.

2. If Williamson is identified as a former LVMPD employee, with a last known address, the Court shall order the Clerk of Court to issue a summons to be served. If Williamson cannot be identified, the Court shall allow Plaintiff an opportunity to identify, as needed, a corrected name and/or address for Williamson.

3. Counsel for the served Defendants shall file, under seal, but shall not serve Plaintiff, the last known addresses for Jesse Reynolds (also identified by Plaintiff as Sgt. Renold), Razzo, Shrewberry, Neumuller, and Whexl, if Counsel is able to gather such information. If the last known address of any defendant is a post office box, Counsel shall attempt to obtain and provide the last

known physical addresses. If the named defendant cannot be identified or no address is available, Counsel shall so state in Counsel's filing.

4. Counsel for the served Defendants shall attempt to identify "Karla" who Plaintiff states was a doctor providing care at CCDC. If "Karla" can be identified, Counsel shall provide, under seal, but not serve Plaintiff, such identifying information as is available. If "Karla" cannot be identified or no address is available, Counsel shall so state in Counsel's filing.

IT IS FURTHER ORDERED that named defendant Kim, shall be dismissed without prejudice as this putative defendant has not been adequately identified by Plaintiff and, as such, service on Kim cannot be perfected at this time.

IT IS FURTHER ORDERED that Naphcare Inc. is an entity listed with the Nevada Secretary of State who can be served through its registered agent CRA – Corporation, 112 N Curry St., Carson City, NV, 89703.

IT IS FURTHER ORDERED that the Clerk of Court **shall** issue a Summons for Naphcare, Inc. and deliver the same to the U.S. Marshal for service together with **a copy of this Order** and **a copy of Plaintiff's Second Amended Complaint** (ECF No. 15) for service on Defendant Naphcare at the above address.

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if an appearance has been entered by Counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the Defendants or Counsel for the Defendants. If Counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS FURTHER ORDERED that Plaintiff's request for discovery is DENIED.

IT IS FURTHER ORDERED that the following discovery plan and scheduling order shall apply:

1. DISCOVERY: Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **September 25, 2020**.

2. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14 or joining additional parties under Fed. R. Civ. P. 19 and 20, shall be filed and served no later than **June 26, 2020**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

3. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than **June 26, 2020**.

4. Expert disclosures shall be made on or before **July 27, 2020**, and the disclosures of rebuttal experts shall be made on or before **August 26, 2020**.

5. Dispositive Motions shall be filed and served no later than **October 26, 2020**.

6. The Joint Pretrial Order is due by **November 25, 2020**. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the Court's rulings on the motions or by further order of the Court.

7. The Interim Status Report must be filed on or before **July 27, 2020**.

8. EXTENSIONS OF DISCOVERY: Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

(a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

(b) A specific description of the discovery which remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

DATED: March 30, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE