UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RAMON MURIC-DORADO, | Case No. 2:18-cv-01184-JCM-EJY |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*., | |
| Defendants. | |

Before the Court is Plaintiff Ramon Muric-Dorado's Motion to Appoint Counsel (ECF No. 83). The Court has considered the Motion, Defendants' Opposition (ECF No. 88), and Plaintiff's Reply (ECF No. 96).

Plaintiff does not have a constitutional right to appointment of counsel to assist with his 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The appointment of counsel in a civil rights matter requires the Court to find extraordinary circumstances, which in turn requires the Court to consider the likelihood of Plaintiff's success on the merits of his case and his ability to articulate his claims in light of the complexities of the legal issues presented. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, the Court denied a previous Motion for the Appointment of Counsel (ECF No. 22), and Plaintiff's present motion does not sway the Court to come to a different decision. Plaintiff's Motion fails to articulate the likelihood of his potential success on the merits of the case stating only that "the likelihood for success is favorable to Plaintiff, but still the factual issues are numerous and complex." ECF No. 83 at 4. This statement is insufficient to articulate the likelihood of his success on the merits of the case.

Further, the Court recognizes the numerous allegations raised by Plaintiff, but finds these allegations fail to rise to the level of complexity warranting appointment of counsel. ECF No. 15.

1

Plaintiff's motion demonstrates his ability to research legal basis as the ten pages cite numerous cases in support of his request. ECF No. 83. This militates against a finding in favor of appointing counsel. Moreover, Plaintiff's lack of legal knowledge and comprehension do not rise to the level of exceptional circumstances. *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining how lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."). The difficulties any *pro se* litigant would have do not establish exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining how prisoner litigants' lack of a legal education does not constitute "exceptional circumstances"). As stated in *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989), "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."

Plaintiff has not established exceptional circumstances exist here and, as such, there is no justification for the appointment of counsel.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 83) is DENIED.

DATED: July 29, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE