UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAMON MURIC-DORADO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*.,<br><br>Defendants. | Case No. 2:18-cv-01184-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Leave to File a Supplemental Complaint Pursuant to Rule 15(d) Fed. R. Civ. P. (ECF No. 77). The Court has considered Plaintiff's Motion, Defendants Opposition (ECF No. 92), and Plaintiff's Reply (ECF No. 95).

**I.   Background**

On June 28, 2018, Plaintiff filed a 385 page complaint that was dismissed without prejudice and with leave to amend. ECF Nos. 1-1 and 7. On July 9, 2018, Plaintiff filed an Amended Complaint, which again was dismissed with leave to amend. ECF Nos. 8 and 12. Plaintiff filed a Second Amended Complaint on March 18, 2019 (ECF No. 15) that was screened on October 1, 2019 by District Judge James C. Mahan. ECF No. 22. That order states the following:

- counts 1 through 11, which lie in habeas, are dismissed without prejudice but without leave to amend in this § 1983 action;

- the portion of count 12, alleging Fourteenth Amendment due process-disciplinary segregation violations, will proceed against LVMPD/CCDC Doe classification committee members when plaintiff learns their identities. All other claims in count 12 are dismissed without prejudice;

- the portion of count 13, alleging due process violations with the grievance process, is dismissed with prejudice as amendment would be futile. The portion of count 13, alleging retaliation, will proceed against defendants Kelsey, Esparza, Kim, and Portello. The portion of count 13, alleging denial of the grievance procedure, will proceed against defendants Kelsey, Mariscal, Esparza, Neumuller, and Maekaelee. The portion of count 13, alleging excessive force and state law claim for assault and battery, will proceed against defendants Kelsey, Portello, and Kim. The portion of count 13, alleging conditions of confinement, will proceed against defendants Esparza and Mariscal (for exercise) and Doe officers who denied plaintiff proper footwear (when he learns their identities);

- counts 14 and 15 are dismissed without prejudice;

- count 16, alleging retaliation, will proceed against defendant Esparza;

- count 17, alleging retaliation, will proceed against defendant Mariscal;

- the portion of count 18, alleging retaliation, will proceed against defendants Reynald, Newman, Patton, Green, and Doe officers when plaintiff learns their identities.  The portion of count 18, alleging Fourth Amendment strip search violations, will proceed against Doe officers when plaintiff learns their identities.  The portion of count 18, alleging federal and state due process property deprivation violations, will proceed against defendants Reynald, Newman, Patton, Green, and Doe officers when plaintiff learns their identities.  All other claims in count 18 are dismissed without prejudice;

- the portion of count 19, alleging retaliation, will proceed against defendants Shrewberry, Razzo, Whexl, and Doe cell search officers when plaintiff learns their identities.  It is further ordered that the portion of count 19, alleging federal and state due process property deprivation violations, will proceed against defendants Shrewberry, Razzo, Whexl, and Doe cell search and property officers when plaintiff learns their identities.  All other claims in count 19 are dismissed without prejudice

- counts 20 and 21 are dismissed in their entirety without prejudice;

- the portion of count 22, alleging retaliation, will proceed against Doe officers when plaintiff learns their identities.  All other claims in count 22 are dismissed without prejudice;

- the portion of count 23, alleging retaliation on and after December 23, 2017, will proceed against defendant Maekaelee.  All other claims in count 23 are dismissed without prejudice;

- the portion of count 24, alleging retaliation on and after December 23, 2017, will proceed against Neumuller.  All other claims in count 24 are dismissed without prejudice;

- count 25 is dismissed in its entirety without prejudice;

- the portion of count 26, alleging inadequate medical care, will proceed against defendants Karla (physician) and Naphcare.  All other claims in count 26, are dismissed without prejudice;

- defendant CCDC is dismissed from the entirety of the SAC with prejudice as amendment would be futile; and,

- defendants LVMPD; Joseph Lombardo; County of Clark; Jacob J. Villani; K.S.; Forbes; Schmidt; Yancy Taylor; Ogas; Ybarra; Leavitt; Wilson; Reyes; Thomas; Varner; Darrington; Trobiani; Tanya Lee; Seciliano; Jessica (nurse); Luiek; Perkins; Charlind; D. Tayler; W. Ferguson; H. Thomas; Flippo; T. Glover; Donohue; D. Francis; Holm; Rexroad; Talavera; Michael Hnatuick; Lora Cody; and Shon R. Comiskey are dismissed from the entire SAC without prejudice because there are no colorable claims against them.

On October 25, 2019, Plaintiff sought to supplement his Second Amended Complaint (ECF No. 24), which the Court granted on November 15, 2019 (ECF No. 31).

## II. DISCUSSION

Rule 15(d) of the Federal Rules of Civil Procedure permits Plaintiff to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" on motion and reasonable notice. The goal of FRCP 15(d) is to promote judicial efficiency. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). While courts "favor" supplemental pleading, *id*. at 473, Plaintiff cannot use Rule 15(d) to introduce a "separate, distinct and new cause of action." *Berssenbrugge v. Luce Mfg. Co*, 30 F. Supp. 101, 102 (D. Mo.1939); *see also* § 1509 Supplemental Pleadings—Time of Filing; Responsive Pleading, 6A Fed. Prac. & Proc. Civ. § 1509 (3d ed.) (noting that a court may deny leave to supplement "when the matters alleged in the supplemental pleading could be the subject of a separate action.")

The factors the Court evaluated to determine whether to grant a motion to supplement are the same as those considered when the Court is presented with a motion to amend a complaint. *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Thus, the five factors most commonly used in evaluating a motion to supplement are: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id.* Among the factors, prejudice to the opposing party carries the greatest weight. *Id*.

Here, Plaintiff's second attempt to supplement his Second Amended Complaint includes distinct claims against High Desert State Prison ("HDSP") where he is housed. These allegations do not arise out of the transactions and occurrences that underly his Second Amended Complaint. *See* ECF No. 77 at 4-9. When a plaintiff alleges causes of action against defendants different from those in the underlying complaint—as Plaintiff is attempting to do here—denial of the motion to supplement is appropriate. *Gates v. LeGrand*, Case No. 3:16-cv-00321-MMD-CBC, 2019 WL 1168527, at *9 (D. Nev. Mar. 12, 2019) (holding that it "would be inappropriate to grant Plaintiff leave to file his proposed supplemental pleading" because it alleged "different causes of action against different defendants than those in this case"); *Saintal v. Foster*, Case No. 2:11-cv-00445-MMD-PAL, 2012 WL 5180738, at *8 (D. Nev. Oct. 17, 2012), *order clarified*, Case No. 2:11-cv-00445-MMD-PAL, 2012 WL 5828324 (D. Nev. Nov. 15, 2012) (denying a motion to supplement a

complaint because the plaintiff's "protection claim is better lodged as a separate lawsuit, for it requires separate facts, separate legal justification, and a potentially different set of evidence").

Moreover, to allow Plaintiff a second time to supplement, at this stage of proceedings, to add new causes of action, disconnected from those in his operative Second Amended Complaint, would substantially delay proceeding requiring yet more attempts at service against new defendants that would result in reopening of discovery.  This, in and of itself, is prejudicial.  *Whitsitt v. County of San Mateo*, Case No. C 10-04996 LB, 2012 WL 174859, at *2 (N.D. Cal. Jan. 20, 2012) *citing*, *inter alia*, *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); *Chavez v. Rios*, Case No. CV 01-425-TUC-FRZ (JR), 2014 WL 345691, at *5 (D. Ariz. Jan. 30, 2014) (citation omitted); *Photography v. Pearson Education, Inc.*, Case No. 12-cv-01927-WHO, 2013 WL 4426493, at *3 (N.D. Cal. Aug. 15, 2013) (citations omitted).  Defendants have an interest, as does the Court, in "just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

### III.   ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint Pursuant to Rule 15(d) is DENIED.

Dated this 19th day of August, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE