UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAMON MURIC-DORADO, | Case No. 2:18-cv-01184-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER AND REFERRAL TO PRO BONO PROGRAM** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's filing titled "Interim Status Report and Expert Witness Disclosures." ECF No. 99. The Court has considered Plaintiff's filing and Defendant's Opposition (ECF No. 105). No Reply was filed by Plaintiff. Plaintiff's Motion asks the Court to appoint three expert witnesses, as well as counsel, to assist him in this case. ECF No. 99 at 2. These issues intertwine as discussed below.

With respect to Plaintiff's request for the appointment of experts, well settled law establishes that 29 U.S.C. § 1915 "does not provide for the appointment of expert witnesses to aid prisoners or other indigent litigants." *Carley v. Gentry*, Case No. 2:17-cv-02670-MMD-VCF, 2020 WL 1855174, at *1 (D. Nev. Apr. 10, 2020) (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). And, while Federal Rule of Evidence 706 provides that federal courts may exercise their discretion to appoint expert witnesses when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," *Ledford v. Sullivan*, 105 F.3d. 354, 358-59 (7th Cir. 1997), the rule does not "contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford*, Case No. 05cv1705 LAB (NLS), at *1, 2008 WL 793413 (S.D. Cal. Mar. 24, 2008) (citation omitted). In a circumstance where the Court evaluates whether to appoint an expert under Fed. R. Evid. 706(a), "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Nevertheless, Fed. R. Evid. 706 is not a means to avoid the *in forma pauperis* statute

or its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, Case No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. 2012). Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Brooks v. Tate*, Case No. 1:11-cv-01503 AWI-DLB PC, 2013 WL 4049043, at *1 (E. D. Cal. Aug.7, 2013).

Here, Plaintiff seeks experts to: (1) speak to alleged personal injuries sustained to his face and head, including, apparently, a concussion; (2) opine on alleged nerve damage suffered by Plaintiff; and, (3) opine on the standard of care in an effort to demonstrate that Naphcare allegedly deviated from that standard. ECF No. 99 at 3. To support the first two requests, Plaintiff attaches a letter from UMC that provides no medical information (*id*. at 7), as well as a single page document including what appears to be a medical "impression" entered on July 4, 2019 stating: "[h]igh-grade bursal sided partial-thickness partial width tear of the anterior fibers of the supraspinatus tendon measuring 9 mm in AP width." *Id*. at 8. Plaintiff added a handwritten arrow pointing to this "impression" and the words "expert witness" to this page. *Id*.

Neither Plaintiff's argument nor the documents he attaches to his request for expert appointments support the need for an expert in neurology as there does not appear to be any indication of alleged neurological damage suffered by Plaintiff at issue in this case. *See* ECF Nos. 15 (Plaintiff's Second Amended Complaint) and 22 (the Court's Screening Order). Similarly, a review of Plaintiff's Second Amended Complaint and Screening Order shows no event occurring on or near July 4, 2019 that would support the need for an expert based on the medical "impression" of that same date to which Plaintiff points on page 8 of his Motion. *Compare* ECF Nos. 15 *and* 22.

However, as to the document attached at ECF No. 99, page 9, this indicates that in May 2018, Plaintiff was seen by prison healthcare for a right shoulder injury that occurred in January 2018. *Id*. Plaintiff adds an arrow pointing to the handwritten words "Expert witness" next to the entry stating: "IM has half pea size bump visible on right shoulder, skin intact, no redness and no edema noted, +ROM < 3 sec capillary refil[l] to distal extremities." As alleged in Plaintiff's Second Amended Complaint, Naphcare medical staff refused or delayed treatment of Plaintiff's injuries because Naphcare had a custom of minimizing inmate injuries caused by correction officers. *See* ECF No.

2

22 at 24. It is Plainiff's allegation regarding Naphcare's alleged custom, together with Plaintiff's allegation regarding a January 2018 injury not addressed until May 2018, that concerns the Court. This claim by Plaintiff is, at least potentially, sufficiently complex to warrant the appointment of counsel who, upon such appointment, may consider whether a court-appointed expert is needed to assist the Court with evaluating this claim.

Plaintiff sought appointment of counsel on several prior occasions that were denied. However, on this occasion, Plaintiff identifies an issue—whether it is appropriate to appoint an expert on the standard of care in an effort to demonstrate that Naphcare deviated from that standard; that is, whether Naphcare had a custom of minimizing inmate injuries caused by correction officers—that warrants a closer look. Although the Court cannot, at this stage, evaluate the likelihood of success on the merits of this claim, the claim is clearly beyond Plaintiff's knowledge and is highly complex. To prove this claim may ultimately require appointment of an expert, which first requires evaluation by counsel.

The Third Circuit recognizes the need for expert medical testimony in cases where the issue is whether prison officials prevented an inmate from receiving recommended treatment. *Montgomery v. Pinchak*, 294 F.3d 492, 504 (3rd Cir. 2002) (a defendant himself cannot explain the medical consequences of delayed treatment); *see also Durmer v. O'Carroll, M.D.*, 991 F.2d 64, 68 (3rd Cir. 1993) (noting that deliberate indifference may exist in a variety of different circumstances, including where "prison authorities prevent an inmate from receiving recommended treatment," or "where knowledge of the need for medical care [is accompanied by the] intentional refusal to provide that care") (citations and internal quote marks omitted). The Ninth Circuit holds that "a prisoner need not prove that he was completely denied medical care." *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) *citing Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). "Rather, he can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment." *Id. citing Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096-98 (9th Cir.2006) (delay of treatment for serious medical need about which inmate filed medical slips and grievances can amount to deliberate indifference if the delay leads to further injury or unnecessary pain). The principles established by these cases strongly support the conclusion that

3

in order to evaluate and ultimately present evidence on such a claim would be far too challenging for even a skilled lay person.

In sum, although Plaintiff has sufficiently articulated his claims thus far, the Court concludes that the complexity of evaluating whether Naphcare had a custom of minimizing inmate injuries caused by correction officers, as evidenced by Plaintiff's January 2018 injury and treatment, or lack thereof, until May 2018, will be difficult and unreasonable for Plaintiff to handle on a *pro se* basis. The Court thus finds exceptional circumstances warrant the appointment of pro bono counsel in this matter *for the limited purpose of representing Plaintiff in the evaluation of, conducting the discovery necessary and related to, and, ultimately potentially prosecuting Plaintiff's claim that Naphcare had a custom of delaying care for inmates injured by correction officers. In the course of this representation, pro bono counsel shall evaluate whether an expert is needed to assist the Court with questions presented by Plaintiff's claim.* However, Plaintiff is advised that there is no guarantee pro bono counsel will be identified. Therefore, the motion for appointment of counsel will be granted contingent upon the identification of counsel willing to represent plaintiff pro bono for this limited purpose.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Interim Status Report and Expert Witness Disclosure (ECF No. 99) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of a neurological expert and expert on Plaintiff's alleged head and face injuries are DENIED with prejudice as the Court finds no basis for appointment of either expert.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of an expert to evaluate the standard of care provided by Naphcare is DENIED without prejudice for future evaluation by pro bono counsel, if any, that agrees to represent Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of pro bono counsel is GRANTED. Pro Bono Counsel is appointed pursuant to the Court's General Order 2019-07 adopting the *Pro Bono* Program for the Representation of *Pro Se* Litigants.

IT IS FURTHER ORDERED that this matter is referred to the Pro Bono Program for the appointment of pro bono counsel for the **limited purpose of representing Plaintiff in the evaluation of, conducting the discovery necessary and related to, and, ultimately potentially prosecuting Plaintiff's claim that Naphcare had a custom of delaying care for inmates injured by corrections officers. In the course of this representation, pro bono counsel shall evaluate whether an expert is needed to assist the Court with questions presented by Plaintiff's claim.**

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 103) is DENIED as moot.

Dated this 21st day of August, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE