UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMON MURIC-DORADO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al,<br><br>Defendants. | Case No. 2:18-cv-01184-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Issue Summons' [sic] to Newly Identified Named Defendants Subject to Service of Process (ECF No. 110). The Court has considered Plaintiff's Motion, Defendants' Opposition (ECF No. 111), and Plaintiff's Reply (ECF No. 112).

**I.   Background**

Plaintiff's Motion seeks to name 42 newly identified individual defendants in place of Doe defendants named in his Second Amended Complaint ("SAC"). ECF No. 110 at 1-3. Plaintiff also reports that Dr. Larry Williamson, a now dismissed defendant, is allegedly working for Wellpath providing healthcare to inmates at Clark County Detention Center ("CCDC"). In opposition to Plaintiff's Motion, Defendants state that Plaintiff seeks to bring claims against ten previously dismissed defendants,[1] Plaintiff's Motion is procedurally deficient because it is not stated as a motion to substitute true names of Doe defendants or as a motion to amend Plaintiff's SAC, and Plaintiff fails to identify which names are to be substituted for which Doe defendants. ECF No. 111 at 2-6. Defendants also point out that the Court previously dismissed Plaintiff's Counts 1-11, 14, 15, 20, 21, and 25. ECF No. 22. Defendants explain that Plaintiff's Counts 16, 17, 22, and 23 were permitted to proceed as to the then-named defendants only. *Id.* Only Counts 12, 13, 18, and 19 were allowed to proceed against any Doe defendant. *Id.* Finally, Defendants correctly state that the only other Count was Count 26, which is proceeding against NaphCare, with individual defendant,

---

[1] The ten dismissed defendants include Jessica Reyes, Sergeant Seciliano, Ty Glover, Douglas Tayler, Nita Schmidt, Todd Lueck, Sergeant Rexroad, Sergeant Talavera, Sergeant Donohue, and Sergeant Holm.

1

Dr. Karla, dismissed. ECF No. 93. In Plaintiff's Reply he attempts to identify which newly identified defendant is to be substituted for a Doe defendant in various claims. ECF No. 112.

Eliminating Plaintiff's attempt to name individuals previously dismissed or add individuals to claims the Court denied Plaintiff permission to amend, the number of newly identified defendants is reduced from 42 to 32. *Id*. at 5-6. With respect to the remaining 32 named defendants, Plaintiff seeks to add: (i) nine defendants to Count 12 (David Gonzalez for John Doe 25; D.G.S.I.U. Sergeant Steven Albright for John Doe 27; D.G.S.I.U. Sergeant Epeneter for John Doe 28; D.G.S.I.U. Sergeant Ronald Rodriguez for an unknown John Doe; D.G.S.I.U. Sergeant Oscar Martinez for an unknown John Doe; D.G.S.I.U. Sergeant David Gonzalez for an unknown John Doe; Classification Sergeant Tanya Vai for an unknown Jane Doe; Classification Sergeant Darin Hardin for an unknown John Doe; and, Jonathan Clark for an unknown John Doe); (ii) sixteen defendants to Count 13 (Dustin Kim for John Doe 19; Sergeant Michael Chambers for John Doe 21; Qua Patrick for John Doe 24; Mariesa Morrelli for Jane Doe 43; Michael Morris for John Doe 44; Steven White for John Doe 45; Jonathan Clark for an unknown John Doe; Leonel Verduzco for an unknown John Doe; James Jackson for an unknown John Doe; Kaluna Aki for an unknown John Doe; Lt. Lusch for an unknown John Doe; Sergeant Batu for an unknown John Doe; Sergeant Lebaron for an unknown John Doe; Sergeant Hightower for an unknown John Doe; Sergeant Wallace for an unknown John Doe; and, Jared Senior for an unknown John Doe); (iii) eight defendants to Count 18 (Bernot for John Doe 1; Walter Hampson for John Doe 2; Mitchell Green for John Doe 12; Lt. Lusch for an unknown John Doe ; Sergeant Batu for an unknown John Doe; Sergeant Lebaron for an unknown John Doe; Sergeant Hightower for an unknown John Doe; and, Sergeant Wallace for an unknown John Doe); (iv) five defendants to Count 19 (Lt. Lusch for an unknown John Doe; Sergeant Batu for an unknown John Doe; Sergeant Lebaron for an unknown John Doe; Sergeant Hightower for an unknown John Doe; and, Sergeant Wallace for an unknown John Doe); and (v) two defendants to Count 22 (Banagan for John Doe 22, and Walford for John Doe 23).

## II. Discussion

Setting aside Plaintiff's failure to name his present Motion properly, the Court finds Plaintiff seeks to substitute Doe defendants for individuals he has now identified. Thus, Defendants' opposition to Plaintiff's Motion based on a procedural failing is not well taken. However, and to the contrary, to the extent Plaintiff seeks to substitute Doe defendants for defendants previously dismissed and/or to add defendants to causes of action the Court did not grant Plaintiff the ability to do, Defendants' opposition is meritorious and Plaintiff's Motion is denied.

Further, to the extent that Plaintiff fails to identify which Doe defendant a named defendant is to substitute for, the Court finds as follows:

- Count 12 alleges that the "CCDC/LVMPD classification committee members held plaintiff in solitary confinement for 406 days without a classification hearing." ECF No. 22 at 6. As the Court previously did, construing this claim as a due process-disciplinary segregation that was allowed to proceed against the LVMPD/CCDC Doe Classification committee members, Plaintiff identifies Classification Sergeant Tanya Vai and Classification Sergeant Darin Hardin as proper Defendants in substitution for Doe defendants. The Court will grant Plaintiff's Motion and allow Count 12 to proceed against previously named and these two newly identified Defendants. The Court could not readily locate any other Doe defendants named in Count 12 as properly added to Count 12.[2]

- Count 13 alleges a Fourteenth Amendment due process-grievance violation, First Amendment retaliation, a Fourteenth Amendment denial of access to the grievance procedure, a Fourteenth Amendment excessive force, state law assault and battery, and a Fourteenth Amendment conditions of confinement claim. ECF No. 22 at 10. The Court allowed Plaintiff to proceed on a First Amendment retaliation claim, but only as to Defendants Kelsey, Esparza, Kim, and Portello. The Court allowed Plaintiff's Denial of Access to the Grievance Process claim to proceed as to Defendants Kelsey, Mariscal, Esparza, Neumuller, and Maekaelee. *Id*. at 11. The Court also allowed Plaintiff's Fourteenth

---

[2] Plaintiff's SAC (ECF No. 15) references Does # 25 -1000 on page 14, stating general constitutional violation. These general allegations are insufficient to state a claim for due process-disciplinary segregation against seven individuals whose role in the Classification Committee is not identified.

3

       Amendment Excessive Force and state law assault and battery claim to proceed against Defendants Kelsey, Portello, and Kim. *Id*. at 12. Plaintiff's Fourteenth Amendment Conditions of Confinement claim was allowed to proceed against Defendants Esparza, Mariscal and Doe officers who denied Plaintiff proper footwear. *Id*. at 13. Of the sixteen new defendants identified by Plaintiff as replacements for Doe defendants, Plaintiff does not identify a single one as involved in the denial of Plaintiff's proper footwear. ECF No. 112 at 5-6. The Court finds the representations by Plaintiff insufficient to state claims against these sixteen individuals as Plaintiff fails to state how each or any was involved in the constitutional violation he alleges. "Although a *pro se* plaintiff is allowed leeway in drafting his or her complaint, the defendants are entitled to understand the claims brought against them." *Todd v. Davis*, Case No. 92-890-FR,1993 WL 369275, at *1 (D. Ore. Sept. 16, 1993). Because Plaintiff fails to provide sufficient information to allow the sixteen newly identified defendants to understand the claims brought against them, the Court denies Plaintiff's request to substitute these individuals in for Doe defendants without prejudice.

- Count 18 alleges First, Fourth, Fifth, Sixth, and Fourteenth Amendment violations, which the Court interpreted as a First Amendment retaliation claim, a Fourth Amendment strip search claim, a Fourteenth Amendment due process-property deprivation claim, and a Nevada Constitution due process-property deprivation claim. ECF No. 22 at 15-18. The Court allowed each of these claims to proceed against named and Doe defendants. *Id*. As is stated above with respect to Count 13, Plaintiff does not explain or provide any information regarding how any of the 18 newly identified defendants were involved in any of the constitutional violations alleged. For this reason, the Court denies Plaintiff's request to substitute these individuals in for Doe defendants without prejudice.

- Count 19 was interpreted by the Court as stating Frist Amendment retaliation, Fourteenth Amendment due process-property deprivation, and Nevada Constitution due process-property deprivation claims. *Id*. at 18. The Court found each claim could proceed for the same reasons it found Plaintiff's claims asserted in Count 18 could proceed. *Id*. But, Plaintiff again fails to provide any information regarding how any of the five newly identified

4

defendants participated in conduct that allegedly violated Plaintiff's constitutional rights. For this reason, the Court denies Plaintiff's request to substitute these individuals in for Doe defendants without prejudice.

- Count 22 states Does officers picked up a grievance Plaintiff filed, after which the officers conspired and committed adverse actions against Plaintiff. These summarized facts were sufficient to state a "colorable retaliation claim against Doe Officers" under the First Amendment. ECF No. 22 at 20 and 27. Plaintiff now identifies two officers involved in the alleged retaliatory activity. The Court will allow the claims against these two officers to proceed as stated below in the Court's Order.

## III. Order

IT IS HEREBY ORDERED that Plaintiff's Motion to Issue Summons' [sic] to Newly Identified Named Defendants Subject to Service of Process (ECF No. 110) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Classification Sergeant Tanya Vai and Classification Sergeant Darin Hardin shall be substituted in for Doe defendants in Count 12 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that Defendants Banagan and Walford shall be substituted in for Doe defendants in Count 22 of Plaintiff's Second Amended Complaint for purposes of allowing Plaintiff to pursue his First Amendment retaliation claim only.

IT IS FURTHER ORDERED that counsel for LVMPD shall file a notice with the Court within **seven (7) days** of the date of this Order indicating whether it will accept service of process for Defendants Vai, Hardin, Banagan, and Walford. If counsel for LVMPD cannot accept service for any of the four newly identified Defendants for any reason, counsel shall file, **under seal**, the last known addresses and, if appropriate, correct and full names, for each Defendant for whom service is not accepted. Counsel for LVMPD shall file such information within **ten (10) days** of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Issue Summons' [sic] is otherwise DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall have **one** opportunity to file a second motion to substitute the true names of Doe defendants in **Counts 13, 18, and 19 only**. If Plaintiff chooses to file a second motion to substitute the true names for Doe defendants, Plaintiff **must** do so no later than **30 days from the date of this Order**. Plaintiff's second motion to substitute names **must succinctly and clearly** allege sufficient facts identifying the action or inaction in which each proposed defendant allegedly engaged constituting the basis for his constitutional claims. **Plaintiff shall not identify any additional defendants in any claims or attempt to add any new claims to his operative Second Amended Complaint**.

IT IS FURTHER ORDERED that Plaintiff Motion for this Court to Review and Resolve the Undecided Pending Motion at ECF No. 110 is DENIED as moot.

DATED THIS 20th day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE