UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAMON MURIC-DORADO,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al,

Defendants.

Case No. 2:18-cv-01184-JCM-EJY

ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 76).  The Court has considered Plaintiff's Motion, Defendants' Opposition (ECF No. 89), and Plaintiff's Reply (ECF No. 94).

**I.     Background**

The Court finds the discovery history appearing in Defendants' Opposition, on pages 2-3, succinct.  This history is repeated here.

- April 7, 2020:  LVMPD Defendants mailed their list of persons likely to have knowledge of material facts and document exchange in accordance with LR 26-1. They attached 82 pages of documents and listed 30 persons likely to have knowledge of the allegations.
- April 16, 2020: LVMPD Defendants received Plaintiff's request for production of documents.
- May 13, 2020:  LVMPD Defendants received Plaintiff's interrogatories to Mataele, Newman, Patton, Portello, LVMPD PMK, Bunch, Esparza, Kelsey, and Mariscal.
- May 19, 2020:  LVMPD Defendants mailed their responses to Plaintiff's First Request for Production of Documents.  This is 33 days after receiving Plaintiff's requests in the mail as permitted by FRCP 6.
- June 1, 2020:  LVMPD Defendants received a letter from Plaintiff regarding LVMPD Defendants' responses to his first request for production of documents.
- June 15, 2020:  LMVPD Defendants mailed their responses to Plaintiff's interrogatories. This is 33 days after receiving Plaintiff's requests in the mail as permitted by FRCP 6.
- June 16, 2020:  LVMPD Defendants mailed Plaintiff a response to his letter received on June 1, 2020.
- June 16, 2020:  LVMPD Defendants mailed Plaintiff a letter regarding Plaintiff's Interrogatories Deposition Questions to Person Most Knowledgeable LVMPD.
- June 23, 2020:  LVMPD Defendants mailed Plaintiff their first supplemental list of persons likely to have knowledge of material facts and document exchange. They attached 2,483 additional pages of documents.
- June 23, 2020:  Plaintiff filed his Motion to Compel Discovery.
- June 25, 2020:  LMVPD Defendants mailed Plaintiff their second supplemental list of persons likely to have knowledge of material facts and document exchange.  They attached 14 additional pages of documents.

1

- June 29, 2020:  LVMPD Defendants mailed Plaintiff their third supplemental list of persons likely to have knowledge of material facts and document exchange.  They attached 77 additional pages of documents.

Importantly, since Plaintiff filed the instant Motion to Compel, he filed a motion seeking to add 42 newly identified individual defendants, discovered through documents received from Defendants, in place of various Doe defendants alleged in his operative Second Amended Complaint.  The Court entered an Order regarding Plaintiff's attempt to add these new defendants at ECF No. 126.  The identity of Doe defendants appears as one of the issues concerning Plaintiff at the time he filed his instant Motion.  ECF No. 76 at 2:17-18.  The Court believes this has been addressed.

In addition to the identities of John Doe Defendants, which Plaintiff now has, Plaintiff's Motion indicates he is seeking documents relating to "mistreatment of inmates" by defendants Reynolds, Kelsey, Razzo, Whitsle, Portello, and previously unidentified Doe defendants.  *Id*. at 6. Plaintiff seeks production of grievances, complaints and "other documents" made or filed by other inmates regarding abuse of authority or mistreatment of inmates received by the LVMPD defendants or their agents, the "Detention Services Division Administration or the Central Booking Bureau. Plaintiff also states that LVMPD's Standard Operating Procedure # 14.00.00 is a grievance procedure that would result in investigative files arising from complaints of excessive force and use of force incidents (the categories potentially relevant to Plaintiff's claims).  Plaintiff states at one point in his Motion that he does not seek personnel records, but seeks records of complaints and allegations about defendants filed by himself and other pretrial detainees.  Plaintiff contends that despite the numerous complaints and grievances he has filed, only 13 were found in the LVMPD Records Bureau Support Unit.  This, Plaintiff states, suggests that the remainder of the documents he believes exist are unavailable due to nefarious conduct.  Plaintiff alleges that complaints made by others have gone unanswered.  Plaintiff contends documents relating to complaints and/or grievances filed by other inmates are relevant to his claims and supervisor liability.

Defendants respond to Plaintiff arguing that grievances by other inmates are not relevant and are disproportionate to the needs of this case.  ECF No. 89 at 7-8.  Defendants contend that the information Plaintiff seeks will not help demonstrate supervisor liability and will not support Plaintiff's claim for punitive damages.  *Id*. at 8.

2

Plaintiff states in reply that 2,300 pages of documents LVMPD has produced are "unrelated, irrelevant, and outdated" as they are from 2003 to 2012.  ECF No. 94 at 2.  Plaintiff says that the approximate 300 documents Defendants produced related to Plaintiff's incarceration between 2017 and 2019 "are heavily redacted, incomplete, [and] undecipherable."  *Id*.  Plaintiff claims Defendants have not produced standard operating procedures applicable to individual defendants' breaches of duty arising in the remaining claims in his SAC.  *Id*.  Plaintiff also seeks "all video surveillance … related to the counts of [the] operative Complaint."  Plaintiff states Defendants refuse to produce grievances filed on November 25 and 27, 2017, December 16, 23, and 24, 2017, January 3, 23, and 24, 2018, as well as others on unidentified dates during 2017 through 2019.  *Id*. at 3. Plaintiff states that if all procedures were followed during his 418 days of solitary confinement, then LVMPD should have no problem producing Plaintiff's Classification Reassessment including a complete disclosure of Classification procedures.  Plaintiff asks for Property Room Surveillance and Property Room Seized Property forms relating to his legal books and papers that were seized from his cell and never returned.  *Id*. at 4.

## III.   Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id*.  "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).  Although relevance for discovery purposes is defined "very broadly," *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) (citing *Hickman v. Taylor*, 329 U.S. 495, 506-07 (1947)), it is not without boundaries.  *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2104) ("District courts need not condone the use of discovery to engage in fishing expeditions.") (Internal quotation marks and

3

1    citations omitted.).   District courts have broad discretion in determining relevancy for discovery

2    purposes.   *Mfg. Automation & Software Sys., Inc. v. Hughes*, Case No. CV 16-8962-CAS (KSx),

3    2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017) (citing *Surfvivor Media, Inc. v. Survivor Prods.*,

4    406 F.3d 625, 635 (9th Cir. 2005)).   Discovery requests that seek irrelevant information are

5    inherently unduly burdensome.

6            In this case it is unclear whether Plaintiff's actual discovery requests cover the specific

7    information he now identifies he seeks.   It is therefore also unclear if Defendants have had an

8    opportunity to consider the specific information Plaintiff seeks and whether any relevant and

9    proportional documents exist that have not been produced.   Moreover, the Court is also concerned

10   about producing to Plaintiff documents pertaining to other inmates' grievances and complaints filed

11   against those defendants who remain in this case, as well as the production of standard operating

12   procedures or other similarly named documents describing the handling of grievances and

13   complaints against individuals working in CCDC or state prisons.   If Plaintiff were represented, a

14   protective order could be agreed upon and production could be made to such individual such that

15   Plaintiff would not retain produced documents in his cell.   However, despite an effort to obtain pro

16   bono counsel for Plaintiff, none has been identified to date.

17           In contrast, the Court finds that any videos of events pertaining to Plaintiff, any complaints,

18   grievances, investigations or documents relating to the outcome of complaints or grievances filed by

19   Plaintiff and pertaining to the claims that survive in Plaintiff's SAC should be produced.   If not

20   already produced, Plaintiff's grievances and ***all*** documents (including but not limited to video

21   surveillance) related to those grievances filed on November 25 and 27, 2017, December 16, 23, and

22   24, 2017, January 3, 23, and 24, 2018, as well as others filed by Plaintiff on unidentified dates during

23   2017 through 2019, must be produced.   ***All*** documents relating to Plaintiff's approximate 418 days

24   in solitary confinement, to the extent not produced, must be produced.   This would include, but is

25   not limited to, Plaintiff's Classification Reassessment(s) and all documents attendant thereto.   If

26   redactions are made to any of these documents, other than addresses, telephone numbers, personal

27   identification information, the names of witnesses or other information that may result in potential

28   security risks, from the documents produced, Defendants must produce a log identifying the type of

information redacted and the reason for the redactions with enough specificity for Plaintiff to be able to reasonably assess the basis for such redaction.  Defendants shall review what was previously produced regarding the 2017 through 2019 time frame Plaintiff identifies as relevant and produce documents with fewer redactions if appropriate and, if not appropriate, a log including the information above.

If operational procedures pertaining to solitary confinement, classification reassessments, review of use of force and/or grievances/complaints of use of force, irrespective of their title, are generally available to inmates through the law library or on-line resources to which the public has access, then the same shall be produced to Plaintiff.  If such information is not generally available to inmates and/or the public, the Court will require production only once counsel is appointed for Plaintiff.

Likewise, the Court does not agree that information pertaining to grievances and complaint by other inmates regarding some of the currently named individual defendants is irrelevant and disproportionate to the needs of Plaintiff's case.  Plaintiff may be able to use such information for purposes of demonstrating the supervisors were aware of particular individuals alleged repeated violative conduct such that the failure to address such conduct would result in evidence in favor of punitive damages.  However, as stated, the production of these records to Plaintiff directly is concerning.  Even with names and personal identification redacted, this information could result in additional or increased threats or harmful acts toward others who are incarcerated as well as the employees who work in the prison.  Thus, the Court will delay the consideration of this request by Plaintiff until such time as pro bono counsel is appointed.

**III.    ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 76) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that all documents related to grievances filed by Plaintiff on November 25 and 27, 2017, December 16, 23, and 24, 2017, January 3, 23, and 24, 2018, as well as others filed by Plaintiff on unidentified dates during 2017 through 2019, to the extent not produced, must be produced.  This includes, but is not limited to, any surveillance videos not previously produced.

IT IS FURTHER ORDERED that all documents relating to Plaintiff's 418 days in solitary confinement, to the extent not produced, must be produced.  This would include, but is not limited to, Plaintiff's Classification Reassessment(s) and all documents attendant thereto.

IT IS FURTHER ORDERED that if redactions are made to any of the documents produced by Defendants, other than addresses, telephone numbers, personal identification information, the names of witnesses or other information that may result in potential security risks from anything produced, Defendants must produce a log identifying the type of information redacted and the reason for the redactions with enough specificity for Plaintiff to be able to reasonably assess the basis for such redaction.

IT IS FURTHER ORDERED that Defendants shall review what was previously produced regarding the 2017 through 2019 time frame Plaintiff identifies as relevant to his claims and produce documents with fewer redactions if appropriate and, if not appropriate, a log including the information above.

IT IS FURTHER ORDERED that if operational procedures, irrespective of the name or title of the documents, pertaining to solitary confinement, classification reassessments, review of use of force and/or grievances/complaints of use of force, are generally available to inmates through the law library or on-line resources to which the public has access, then the same shall be produced to Plaintiff; provided, however, that if such information is not generally available to inmates and/or the public, the Court will require production only once counsel is appointed for Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's request for information pertaining to grievances and/or complaints filed against any of the currently named individual defendants shall be held in abeyance until such time as pro bono counsel is appointed.  At that time, the parties shall meet and confer regarding the appropriate type of documents, individuals, and time frame that may be

applicable to Plaintiff's request.  Counsel for Defendants shall be responsible for initiating contact on this subject matter.  The parties shall submit a status report with any outstanding issues identified for the Court's consideration within 30 days of appointment of pro bono counsel.

DATED THIS 21st day of January, 2021.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE