UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAMON MURIC-DORADO,

       Plaintiff,

    v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al,

       Defendants.

Case No. 2:18-cv-1184-JCM-EJY

**ORDER**

Before the Court is Plaintiff's Second Motion to Substitute True Names for Doe Defendants in Accordance with Courts [sic] Order ECF No. 126 (ECF No. 131). The Court has considered Plaintiff's Motion, Defendants' Opposition (ECF No. 142), and Plaintiff's Reply (ECF No. 147). Plaintiff's Motion complies with Court's Order, but also seeks to add new defendants to various causes of action. ECF No. 131. Plaintiff also asks the Court to clarify its Order regarding Count 12.

**I.  Discussion**

    A.  <u>Clarification of the Court's Order Regarding Count 12.</u>

Plaintiff states he is unclear whether the Court is aware that numerous additionally named individuals were allegedly assigned to the Classification Committee and were not previously identified. These individuals include David Gonzalez, Sergeant Steven Albright, Sergeant Epeneter, Sergeant Seciliano, Sergeant Ronald Rodriguez, Sergeant Oscar Martinez, and Jonathan Clark.[1]

However, other than stating these individuals were members of the Classification Committee, apparently at some point in time, Plaintiff does not allege they were members when events about which he complains occurred or whether they were involved in any decisions pertaining to Plaintiff. Plaintiff also does not otherwise allege facts that sufficiently state a Fourteenth Amendment due process disciplinary segregation claim against these proposed defendants. For this

---

[1] The Court previously granted Plaintiff's Motion to Substitute Classification Sergeant Tanya Vai and Classification Sergeant Darin Hardin on January 20, 2021. ECF No. 126 at 3.

reason, the Court denies the substitutions requested without prejudice. Plaintiff may, upon appointment of pro bono counsel, renew these substitution requests if counsel deems it appropriate.

B.  Count 13 Proposed Substitutions.

Plaintiff seeks to substitute Dustin Kim, P. #5908, for Defendant Kim, Doe 19, in his First Amendment retaliation, Fourteenth Amendment excessive force, and state law assault and battery claims. ECF No. 131 at 4. The Court previously found Plaintiff describes Defendant Kim's participation in the constitutional violations with sufficient detail to permit this substitution to proceed. ECF No. 22 at 11. For this reason, Plaintiff's substitution of Dustin Kim, P. #5908, for Defendant Kim in his surviving Count 13 claims is granted.

With respect to Plaintiff's desire to substitute six named defendants for Doe Defendants in Count 13, Plaintiff alleges that for a period of approximately four months officers denied Plaintiff's request for properly sized footwear, that he had to wear two right-footed shoes, and that this resulted in creating a dangerous condition of confinement. Defendants argue that Plaintiff's Motion is deficient as it relates to those who denied Plaintiff footwear because Plaintiff fails to provide enough factual detail to satisfy Fed. R. Civ. P. 8(a)'s pleading requirements. ECF No. 142 at 4. Plaintiff responds that Defendants' denial of his requests resulted in "unreasonable dangerous condition[s] of confinement" to Plaintiff, including "taking a shower on a wet floor, and/or walking up and down the staircase." ECF No. 147 at 3.

The Court's Screening Order establishes Plaintiff is allowed to proceed against Doe Defendants who denied Plaintiff proper footwear when he learns their identities. ECF No. 22 at 13. Therefore, with respect to the six defendants who Plaintiff properly identified as being substituted for currently named Doe Defendants in his footwear denial claim, Plaintiff's Motion is granted.[2]

Plaintiff also seeks to add numerous defendants to his conditions of confinement claim who were "somehow informed via 'kite' or 'grievance' or 'word by mouth' about the failure and refusal to acquire proper footwear for Plaintiff." ECF No. 131 at 7. This request goes beyond what the

---

[2]     To the best of the Court's ability to decipher Plaintiff's Motion and reasonably identify individuals Plaintiff claims denied him proper footwear, the properly substituted defendants in Count 13 include Michael Chambers; Raymond Bunch; Steven White; Corrections Officer Tate (P# 15638); Corrections Officer Taylor (P# 5928); and Corrections Officer T. Glover.

Court's Order permitted Plaintiff to do. ECF Nos. 22 and 126. Thus, to the extent that Plaintiff seeks to add or substitute in defendants who were "informed" of the denials of footwear, Plaintiff's Motion is denied.

C.   Count 18 Proposed Substitutions.

In Count 18, the Court allowed Plaintiff's First Amendment Retaliation claim to proceed against defendants Reynald, Newman, Patton, Green, and Doe officers; Plaintiff's Fourteenth Amendment strip search claim to proceed against Doe officers; and Fourteenth Amendment due process-property claim to proceed against Reynald, Newman, Patton, Green, and Doe officers. ECF No. 22 at 16-17. Plaintiff now seeks to substitute Jesse Reynolds for defendant Reynald, Richard Newman for defendant Newman, Angela Patton for defendant Patton, and Mitchell Green for defendant Green. These name substitutions will be allowed.

Plaintiff also alleges that defendants Corrections Officer Hunter and John Doe # 6 subjected him to an illegal strip search after which, while Plaintiff was allegedly placed in a visiting care booth, his legal books were supposedly confiscated. Plaintiff's substitution of Corrections Officer Hunter for John Doe 5 will be allowed to proceed. With respect to Plaintiff's allegations regarding John Doe # 6, the Court finds there is no substitution to make.

Plaintiff also identifies a conversation with Sergeant Berndt regarding the due process-property claim; however, Plaintiff does not explain Berndt's involvement in any of his Count 18 claims other than an alleged potential threat to Plaintiff's reading glasses, which Berndt returned to Plaintiff. ECF No. 131 at 9. The allegations against Berndt are insufficient to state violations of the constitutional rights identified in Count 18. Accordingly, this substitution will not be allowed at this time.

In addition to the above, Plaintiff seeks to add seven defendants to Count 18 as supervisors because they were allegedly deliberately indifferent to retaliatory and harassing misconduct. ECF No. 131 at 10. Specifically, Plaintiff contends that "[p]roduction of video surveillance of particular events can adequately conclude at what degree John Doe 2 – Walter Hampton, Mitchell Green, Lt. Lusch, Sergeant Batu, Sergeant Lebaron, Sergeant Hightower, and Sergeant Wallace acted or participated relative to Count 18." *Id*. At the pleading stage of proceedings Plaintiff must allege

sufficient facts to take a claim from conceivable to plausible.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Plaintiff's allegations assert conceivable, not plausible claims and therefore are insufficient to state a claim against these seven proposed defendants.  Plaintiff's Motion seeking to add John Doe 2 – Walter Hampton, Mitchell Green, Lt. Lusch, Sergeant Batu, Sergeant Lebaron, Sergeant Hightower, and Sergeant Wallace to Count 18 is denied.

D.     Count 19 Proposed Substitutions.

Plaintiff seeks to substitute and/or add new defendants to Count 19's First Amendment retaliation and Fourteenth Amendment due process-property deprivation claims.  Plaintiff also seeks to add allegations to this claim through motion practice.  ECF No. 131 at 10-12.

The Court's Screening Order allowed Plaintiff to proceed with retaliation claims against Defendants Shrewberry, Razzo, Whexl and Doe cell search officers, as well as due process-property deprivation claims against Defendants Shrewberry, Razzo, Whexl, and Doe cell search and property officers (ECF No. 22 at 18).

A review of Plaintiff's allegations regarding the various individuals identified in this portion of Plaintiff's Motion fails to identify how any of the individuals were involved in conduct that violated Plaintiff's constitutional rights.  Knowledge of Plaintiff's missing legal books, managing the property room and/or signing the property transaction receipt, all of which Plaintiff alleges, is insufficient to state a property deprivation-due process claim.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under Section 1983 arises only upon a showing of personal participation by the defendant).  Therefore, Plaintiff's Motion to substitute and/or add defendants to Count 19 is denied.

E.     Unidentified Defendant Substitutions.

Plaintiff seeks to add new names to various claims in his Second Amended Complaint.  Plaintiff also identifies numerous potential defendants by P number only.  The Court exercises its inherent power to control its docket for itself, counsel, the parties and limit the continued effort to expand this suit.  *Landis v. N. American Co*., 299 U.S. 248, 254 (1936); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Tingley v. Nevada Dep't of Pub. Safety*, No. 3:14-cv-00406-MMD-VP, 2015 WL 2448818, at *3 (D. Nev. May 21, 2015).  There must be an end to amendments

in this case. The Court has been lenient with Plaintiff and provided substantial opportunity to amend his Complaint. *See* Fed. R. Civ. P. 1. Thus, Plaintiff's Motion to add these newly identified potential defendants is denied.

## II.  Order

IT IS HEREBY ORDERED that Plaintiff's Motion to Substitute True Names for Doe Defendants in Accordance with Courts [sic] Order ECF No. 126 (ECF No. 131) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant Dustin Kim, P.# 5908, shall be substituted in for Defendant Kim, Doe 19, in all Counts in which he is named in Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that the following additional defendants shall be substituted for Doe Defendants in Count 13 of Plaintiff's Second Amended Complaint (ECF No. 15): Michael Chambers; Raymond Bunch; Steven White; Corrections Officer Tate (P# 15638); Corrections Officer Taylor (P# 5928); and Corrections Officer T. Glover.

IT IS FURTHER ORDERED that Defendant Reynald's name shall be corrected to Jesse Reynolds, Defendant Newman's name shall be corrected to Richard Newman, Defendant Patton's name shall be corrected to Angela Patton, and Defendant Green's name shall be corrected to Mitchell Green.

IT IS FURTHER ORDERED that Corrections Officer Hunter shall be substituted for Doe 5 in Count 18 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that except as stated above, Plaintiff's Motion to Substitute True Names for Doe Defendants (ECF No. 131) is DENIED.

IT IS FURTHER ORDERED that, **no later than 10 Court days after the date of this Order**, the Office of the Attorney General shall file a notice advising the Court, copying Plaintiff, of: (a) the names of the newly identified defendants including Michael Chambers, Raymond Bunch, Steven White, Corrections Officer Tate (P# 15638), Corrections Officer Taylor (P# 5928), Corrections Officer T. Glover, and Corrections Officer Hunter for whom it accepts service; (b) the names of the newly identified defendants for whom it does not accept service, and (c) the names of

the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office shall file, under seal, but shall not serve the inmate Plaintiff, the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

IT IS FURTHER ORDERED that Plaintiff shall not be entitled to file any additional motions for the purpose of substituting named defendants for Doe defendants prior to appointment of pro bono counsel. If counsel is appointed and finds additional meritorious claims or defendants should be amended, Plaintiff's counsel may move the Court to amend at that time.

DATED THIS 3rd day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE