UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMON MURIC-DURADO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al,<br><br>Defendant. | Case No. 2:18-cv-01184-JCM-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

On May 3, 2021, the Court issued an order allowing Plaintiff to substitute and add multiple defendants currently or recently employed by the Las Vegas Metropolitan Police Department ("LVMPD") in this case. ECF No. 158. Specifically, the Court ordered that: (1) Dustin Kim be substituted for Defendant Kim; (2) Defendants Michael Chambers, Raymond Bunch, Steven White, Corrections Officer Tate, Corrections Officer Taylor, and Corrections Officer Glover be substituted for Doe Defendants in Count 13 of Plaintiff's Second Amended Complaint; (3) Corrections Officer Hunter be substituted for Doe 5 in Count 18; and (4) Defendant Reynalds' name be corrected to Jesse Reynolds, Defendant Newman's name be corrected to Richard Newman, Defendant Patton's name be corrected to Angela Patton, and Defendant Green's name be corrected to Mitchell Green. *Id.* at 5.

The Court further directed counsel for LVMPD[1] to file a notice advising the Court of the full and correct names of newly identified defendants and informing the Court of which new defendants LVMPD will accept service for and which it will not. The Court also ordered LVMPD to file the last-known-addresses of any defendants for whom it cannot accept service. *Id*. at 5–6. Further, the Court denied Plaintiff's request to add even more defendants to this case, noting that the Court has thus far been lenient with Plaintiff and has afforded him multiple opportunities to substitute and add defendants. *Id.* at 4–5. The Court ordered that Plaintiff shall not be entitled to file any further

---

[1] The Court mistakenly directed the Order to the Nevada Attorney General's Office. Counsel for Defendants correctly indicated whether LVMPD, not the Attorney General's Office, would accept service on behalf of the new defendants.

1

motions for the purpose of substituting named defendants for Doe defendants prior to the appointment of pro bono counsel. *Id.* at 6.

On May 18, 2021, counsel for LVMPD filed a notice stating the full names of the newly added defendants and informing the Court that officers Michael Chambers, Raymond Bunch, Stephen White, Douglas Taylor, Ty-Yivri Glover, and Christopher Hunter may be served at LVMPD's Headquarters. ECF No. 162. Counsel confirmed that Defendant Christopher Tate is no longer an employer of LVMPD and filed his last-known address under seal. ECF No. 164.

Plaintiff responded to Defendants' notice, contending that the Court's May 3, 2021 Order also allowed substitution for defendants previously named "Kim" and "Green," and asking the Court to direct counsel for LVMPD to provide information to serve the defendants now identified as Dustin Kim and Mitchell Green. Defendants replied under seal,[2] noting that Kim and Green were both previously dismissed from this case for failure to effectuate service. ECF No. 164; *see also* ECF Nos. 59 (dismissing Kim) and 119 (dismissing Green). "In the event that the Court lifts" those dismissals, Defendants informed the Court that Mitchell Green may be served at LVMPD's Headquarters. ECF No. 164 at 2. Defendants also stated that Dustin Kim is no longer employed by LVMPD and included his last-known address under seal. *Id.* at 2–3.

The Court notes that Defendants Kim and Green were dismissed from this case for failure to effectuate service because, at the time, Plaintiff did not have sufficient identifiable information to serve them. Now that Plaintiff has discovered such information, the undersigned recommends that the Court use its discretion to vacate the dismissals of Dustin Kim and Mitchell Green and order the U.S. Marshal to effectuate service on the same.

## I. ORDER

IT IS HEREBY ORDERED that Defendant Stephen White shall be substituted in for Defendant Steven White in Count 13 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that Defendant Christopher Tate shall be substituted in for Corrections Officer Tate (P# 15638) in Count 13 of Plaintiff's Second Amended Complaint.

---

[2] Defendants' response was filed under seal and was not provided to Plaintiff because it contains the last-known addresses of former LVMPD officers, in accordance with the Court's May 3 Order. *See* ECF No. 158.

IT IS FURTHER ORDERED that Defendant Douglas Taylor shall be substituted in for Corrections Officer Taylor (P# 5928) in Count 13 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that Defendant Ty-Yivri Glover shall be substituted in for Corrections Officer Glover in Count 13 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that Defendant Cristopher Hunter shall be substituted in for Corrections Officer Hunter in Count 13 of Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that the Clerk of Court **shall issue a summons** for each of the six Defendants identified herein, and provide the same, together with **six (6)** copies of Plaintiff's Second Amended Complaint and **six (6)** copies of the Court's Screening Order (ECF No. 22) to the U.S. Marshal. The six Defendants to be served include: Michael Chambers, Raymond Bunch, Stephen White, Douglas Taylor, Ty-Yivri Glover, and Christopher Hunter.

IT IS FURTHER ORDERED that the U.S. Marshal **shall** serve Defendants Michael Chambers, Raymond Bunch, Stephen White, Douglas Taylor, Ty-Yivri Glover, and Christopher Hunter by delivering each summons with a copy of the Second Amended Complaint and the Court's Screening Order at the **Las Vegas Metropolitan Police Department's Headquarters located at 400 S. Martin Luther King Blvd., Bldg. B, Las Vegas, NV 89106**, within **fourteen (14) days** of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **shall issue summons** for Defendant Christopher Tate to the U.S. Marshal with the last known address provided under seal for this individual (ECF No. 164 at 2).

IT IS FURTHER ORDERED that the Clerk of Court **shall** send **one (1)** copy of Plaintiff's Second Amended Complaint (ECF No. 15), **one (1)** copy of the Court's Screening Order (ECF No. 22), **one (1)** copy of the Court's May 3, 2021 Order (ECF No. 158), and **one (1)** copy of this Order and Report and Recommendation to the U.S. Marshal for service on Defendant Christopher Tate.

IT IS FURTHER ORDERED that the Clerk of Court **shall** send **one (1)** copy of the USM-285 form to Plaintiff regarding Defendant Christopher Tate.

1    IT IS FURTHER ORDERED that Plaintiff **shall** have until **June 26, 2021** to complete the USM-285 service form for Defendant Christopher Tate and return it to the U.S. Marshal, United States Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED that the U.S. Marshal **shall** attempt to effect service on Christopher Tate within **fourteen (14) days** of the date he receives Plaintiff's USM-285.

IT IS FURTHER ORDERED that Plaintiff **shall** have **twenty-one (21) days** from the date the U.S. Marshal returns to Plaintiff a copy of the USM-285 form showing whether service was accomplished to file a notice with the Court stating whether Christopher Tate was served. If Plaintiff wishes to have service again attempted on Tate, then a motion must be filed with the Court so stating and specifying information regarding an address for Tate or whether some other manner of service should be attempted.

## II.  RECOMMENDATION

IT IS HEREBY RECOMMENDED that Dustin Kim and Mitchell Green's dismissals (at ECF Nos. 59 and 119, respectively) be **vacated**.

IT IS FURTHER RECOMMENDED that if the recommendation lifting Mitchell Green's dismissal is adopted:

- The Clerk of Court be ordered to **issue a summons** for Mitchell Green, and provide the same, together with **one (1)** copy of Plaintiff's Second Amended Complaint, **one (1)** copy of the Court's Screening Order (ECF No. 22) to the U.S. Marshal.

- The U.S. Marshal be ordered to serve Mitchell Green by delivering the summons with a copy of the Second Amended Complaint and the Court's Screening Order at the **Las Vegas Metropolitan Police Department's Headquarters located at 400 S. Martin Luther King Blvd., Bldg. B, Las Vegas, NV 89106**, within **fourteen (14) days** of adoption of this recommendation.

IT IS FURTHER RECOMMENDED that if the recommendation lifting Dustin Kim's dismissal is adopted:

- The Clerk of Court be ordered to issue summons for Defendant Dustin Kim to the U.S. Marshal with the last known address provided under seal for this individual (ECF No. 164 at 3).
- The Clerk of Court be ordered to send **one (1)** copy of Plaintiff's Second Amended Complaint (ECF No. 15), **one (1)** copy of the Court's Screening Order (ECF No. 22), **one (1)** copy of the Court's May 3, 2021 Order (ECF No. 158), and **one (1)** copy of this Order and Report and Recommendation to the U.S. Marshal for service on Defendant Dustin Kim.
- The Clerk of Court be ordered to send **one (1)** copy of the USM-285 form to Plaintiff.
- Plaintiff be ordered to complete the USM-285 service form for Dustin Kim and return it to the U.S. Marshal, United States Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, within **thirty (30) days** of adoption of this recommendation.
- The U.S. Marshall be ordered to attempt to effect service within **fourteen (14) days** of the date he receives Plaintiff's USM-285.
- Plaintiff be ordered to file a notice with the Court stating whether Dustin Kim was served within **twenty-one (21) days** from the date the U.S. Marshal returns to Plaintiff a copy of the USM-285 form showing whether service was accomplished. If Plaintiff wishes to have service again attempted on Kim, then a motion must be filed with the Court so stating and specifying information regarding and address for Kim or whether some other manner of service should be attempted.

IT IS FURTHER RECOMMENDED that Plaintiff be precluded from adding or substituting any additional Defendants prior to appointment of pro bono counsel, for the reasons stated in the Court's May 3, 2021 Order (ECF No. 158 at 4–5).

Dated this 26th day of May, 2021

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).