Paul A. Cardinale, SBN 8394
Melanie B. Chapman SBN 6223
**MEDICAL DEFENSE LAW GROUP**
3800 Watt Ave., Suite 245
Sacramento, CA 95821
Paul.Cardinale@med-defenselaw.com
Melanie.Chapman@med-defenselaw.com

<u>Southern Nevada Office:</u>
2965 South Jones Blvd., Suite E1
Las Vegas, NV 89148
Tel: (702) 342-8116

Attorney for Defendant NAPHCARE, INC.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RAMON MURIC-DORADO,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.<br><br>Defendants. | CASE NO.: 2:18-cv-01184-JCM-~~BNW~~ EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br>**(5th Request)**<br>**(ECF No. 202)** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of February 6, 2022, and related deadlines, be continued for a period of ninety (90) days up to and including May 8, 2023, for the purpose of allowing the parties to complete written discovery, disclose expert witnesses, and take depositions of the parties.

I.    DISCOVERY COMPLETED TO DATE

Plaintiff and Defendants Richard Newman, Angela Patton, James Portello, Cesar Esparza, Kenneth Kelsey, Rogelio Mariscal, Tutulupeatau Mataele, Raymond Bunch, Kimberly Shrewsberry, Cheryl Whetsel, Gerald Razo, Jesse Reynolds, Bryce Walford, Tanya Vai, Kyle Banagan, Ty-Yiviri Glover, Stephen White, Christopher Hunter, Douglas Taylor, Michael Chambers, and Mitchell Green (collectively, "LVMPD Defendants"), exchanged their initial Rule 26 Disclosures while Plaintiff was

representing himself pro se. LVMPD Defendants have provided six supplements to their Rule 26 Disclosures during that time. Plaintiff provided another initial Rule 26 Disclosure after his counsel appeared. Defendant NaphCare provided their initial Rule 26 Disclosure subsequent to plaintiff's counsel's appearance. Pro se Plaintiff served Interrogatories on LVMPD Defendants Richard Newman, Angela Patton, James Portello, Cesar Esparza, Kenneth Kelsey, Rogelio Mariscal, Tutulupeatau Mataele, and Raymond Bunch, who have served their responses and two Requests for Production of Documents collectively on the LVMPD Defendants and responses were made. Pro se Plaintiff attempted to serve Interrogatories on a "Person Most Knowledgeable" for non-party LVMPD, and was advised that this discovery is improper. Counsel for LVMPD has provided copies of all the above discovery to Plaintiff's new counsel. Defendant NaphCare served Special Interrogatories and Requests for Production on Plaintiff on February 3, 2021. Following extensions necessitated by Plaintiff's counsel's difficulties communicating with his incarcerated client, Plaintiff served responses to NaphCare's written discovery on December 8, 2021. On October 21, 2022, Plaintiff served responses to LVMPD's Requests for Admissions, and counsel for LVMPD has requested a meet and confer regarding those responses.

## II.   DISCOVERY YET TO BE COMPLETED

The Parties need to serve additional written discovery requests (Interrogatories, Requests for Admissions and Requests for Production of Documents). Additional medical records have been requested but not yet received. The Parties will serve various third-party subpoenas and take the deposition of Plaintiff, LVMPD Defendants, and the person most knowledgeable for Naphcare. The Parties are retaining experts and will provide timely expert reports.

## III.   REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Local Rule 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

Here, good cause supports this requested extension of the discovery deadlines. Plaintiff's deposition, though scheduled twice, has needed to be postponed on these occasions due to Naphcare's

attorney's unexpected family emergencies. Further, additional medical providers have been discovered and Plaintiff's records from those providers have been requested, but not yet received. The parties are cooperating to reschedule Plaintiff's deposition as soon as possible; however, Plaintiff requires sufficient time to seek time off from work and scheduling in December is difficult due to the holidays and the various schedules of multiple attorneys. Thus, this extension is necessary to complete the necessary depositions and to allow the parties' experts sufficient time to review and evaluate Plaintiff's testimony, as well as the additional medical records that have been requested.

Despite diligent efforts, and given the number of defendants in this matter and the unexpected personal matters that counsel has had to attend to, completion of discovery by the current deadlines is not possible.

**IV.  PROPOSED EXTENDED DEADLINES**

Based on the foregoing, the Parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | ~~Proposed~~ New Date |
| --- | --- | --- |
| Initial Expert Disclosure Deadline | Wed., December 7, 2022 | Tue., March 7, 2023 |
| Rebuttal Expert Disclosure Deadline | Mon, January 9, 2023 | Mon., April 10, 2023 |
| Discovery Cutoff Deadline | Mon, February 6, 2023 | Mon., May 8, 2023 |
| Dispositive Motion Deadline | Mon, March 6, 2023 | Tue., June 6, 2023 |
| Pre-Trial Order Deadline | Thurs., April 6, 2023 | Thurs., July 6, 2023 |

**A.   Motions in Limine/Daubert Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**B.   Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a

discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

  (a) A statement specifying the discovery completed;

  (b) A specific description of the discovery that remains to be completed;

  (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

  (d) A proposed scheduled for completing all discovery.

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-3. Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Moreover, since this request is a joint request, none of the parties will be prejudiced. The extension will allow the parties the necessary time to complete discovery.

DATED this 1st day of December, 2022.　　　　DATED this 1st day of December, 2022.

**GOODWIN LAW GROUP**　　　　　　　　　**KAEMPFER CROWELL**

/s/ Charles Goodwin　　　　　　　　　　　　/s/ Lyssa A. Anderson
_____　　　_____
CHARLES GOODWIN　　　　　　　　　　　LYSSA S. ANDERSON
Nevada Bar No. 14879　　　　　　　　　　　Nevada Bar No. 5781
3100 W Charleston Blvd　　　　　　　　　　RYAN W. DANIELS
Las Vegas, NV 89102　　　　　　　　　　　Nevada Bar No. 13094
*Attorneys for Plaintiff*　　　　　　　　　　　1980 Festival Plaza Drive, Suite 650
*Ramon Muric-Dorado*　　　　　　　　　　Las Vegas, Nevada 89135
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　*Richard Newman, Angela Patton, James*
　　　　　　　　　　　　　　　　　　　　*Portello, Cesar Esparza, Kenneth Kelsey,*
　　　　　　　　　　　　　　　　　　　　*Rogelio Mariscal, Tutulupeatau Mataele,*
　　　　　　　　　　　　　　　　　　　　*Raymond Bunch, Kimberly Shrewsberry,*
　　　　　　　　　　　　　　　　　　　　*Cheryl Whetsel, Gerald Razo, Jesse Reynolds,*
　　　　　　　　　　　　　　　　　　　　*Bryce Walford, Tanya Vai, Kyle Banagan,*
　　　　　　　　　　　　　　　　　　　　*Ty-Yiviri Glover, Stephen White, Christopher*
　　　　　　　　　　　　　　　　　　　　*Hunter, Douglas Taylor, Michael Chambers,*
　　　　　　　　　　　　　　　　　　　　*and Mitchell Green*

DATED this 1st day of December, 2022.

**MEDICAL DEFENSE LAW GROUP**

*/s/ Melanie B. Chapman*
_____
PAUL A. CARDINALE
Nevada Bar No. 8394
MELANIE B. CHAPMAN
Nevada Bar No. 6223
2965 S. Jones Blvd. Suite E1
Las Vegas, NV 89146
*Attorneys for Defendant NaphCare, Inc.*

       **IT IS SO ORDERED.**

       Dated this 1st day of December, 2022.

       _____
       **UNITED STATES MAGISTRATE JUDGE**