LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendants*
*Richard Newman, Angela Patton,*
*James Portello, Cesar Esparza,*
*Kenneth Kelsey, Rogelio Mariscal,*
*Tutulupeatau Mataele, Raymond Bunch,*
*Kimberly Shrewsberry, Cheryl Whetsel,*
*Gerald Razo, Jesse Reynolds,*
*Bryce Walford, Tanya Vai, Kyle Banagan,*
*Ty-Yiviri Glover, Stephen White, Christopher Hunter,*
*Douglas Taylor, Michael Chambers, and Mitchell Green*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAMON MURIC-DORADO,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.<br><br>Defendants. | CASE NO.: 2:18-cv-01184-JCM-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br>**(6th Request)**<br>**(ECF No. 206~~5~~)** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of May 8, 2023, and related deadlines, be continued for a period of ninety (90) days[1] up to and including **August 7, 2023**, for the purpose of allowing the parties to complete written discovery, disclose expert witnesses, and take depositions of the parties.

---

[1] Ninety-one days is requested as the 90th day falls on a Sunday.

3363794_1.doc  6943.192

Page 1 of 6

## I. DISCOVERY COMPLETED TO DATE

Plaintiff, Defendants Richard Newman, Angela Patton, James Portello, Cesar Esparza, Kenneth Kelsey, Rogelio Mariscal, Tutulupeatau Mataele, Raymond Bunch, Kimberly Shrewsberry, Cheryl Whetsel, Gerald Razo, Jesse Reynolds, Bryce Walford, Tanya Vai, Kyle Banagan, Ty-Yiviri Glover, Stephen White, Christopher Hunter, Douglas Taylor, Michael Chambers, and Mitchell Green (collectively, "LVMPD Defendants"), and exchanged their initial Rule 26 Disclosures while Plaintiff was representing him self pro se. LVMPD Defendants provided five supplements to their Rule 26 Disclosures during that time. Plaintiff provided another initial Rule 26 Disclosure after his counsel appeared and the LVMPD Defendants provided a sixth supplemental Rule 26 Disclosure. Defendant NaphCare provided their initial Rule 26 Disclosure subsequent to plaintiff's counsel's appearance. Pro se Plaintiff served Interrogatories on LVMPD Defendants Richard Newman, Angela Patton, James Portello, Cesar Esparza, Kenneth Kelsey, Rogelio Mariscal, Tutulupeatau Mataele, and Raymond Bunch, who have served their responses and two Requests for Production of Documents collectively on the LVMPD Defendants and responses were made. Pro se Plaintiff attempted to serve Interrogatories on a "Person Most Knowledgeable" for non-party LVMPD, and was advised that this discovery is improper. Counsel for LVMPD has provided copies of all the above discovery to Plaintiff's new counsel and counsel for NaphCare. Defendant NaphCare served Interrogatories and Requests for Production on Plaintiff on February 3, 2022 and Plaintiff served responses to NaphCare's written discovery on December 8, 2021 [sic]. The LVMPD Defendants served Requests for Admissions on Plaintiff on September 15, 2022, and Plaintiff provided responses on October 21, 2022 to the first forty Requests for Admissions and objected to all subsequent Requests for Admissions. The LVMPD Defendants served Requests for Production of Documents on Plaintiff on September 15, 2022, but Plaintiff has not provided responses to

these Requests.

## II. DISCOVERY YET TO BE COMPLETED

The Parties have been attempting to schedule Plaintiff's deposition, which has had to be rescheduled or postponed four times, and needs to be rescheduled again. Plaintiff needs to supplement his Responses to the LVMPD Defendants' Requests for Admissions and serve his Responses to the LVMPD Defendants' Requests for Production of Documents. The Parties plan to serve additional written discovery requests (Interrogatories, Requests for Admissions and Requests for Production of Documents). The Parties will serve various third-party subpoenas and take the deposition of Plaintiff, LVMPD Defendants, and the person most knowledgeable for Naphcare. The Parties are retaining experts and will provide timely expert reports.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Local Rule 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

Here, good cause and excusable neglect support the requested extension of discovery deadlines.

Good cause and excusable neglect exist. For a large portion of this lawsuit plaintiff was pro se and was an inmate at High Desert State Prison. Plaintiff now has pro bono counsel and has been released from prison, however it has been challenging to coordinate the deposition of plaintiff, who works, and the calendars for three attorneys' offices, who have experienced unexpected family emergencies. Plaintiff's deposition is needed to clarify the allegations in the eleven (11) remaining claims set out in Plaintiff's voluminous second amended complaint (ECF No. 15 and 31). Further, additional medical providers have been discovered and Plaintiff's

records from those providers have been requested, but not yet received. The parties' experts will need time to review the voluminous materials related to this case, including the plaintiff's deposition transcript, medical records, and prepare expert reports.

Despite diligent efforts, and given the number of defendants in this matter and the unexpected personal matters that counsel has had to attend to, completion of discovery by the current deadlines is not possible.

## IV. ~~PROPOSED~~ EXTENDED DEADLINES

The Parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | ~~Proposed~~ New Date |
|---|---|---|
| Initial Expert Disclosure Deadline | Tues., March 7, 2023 | Thurs., June 8, 2023 |
| Rebuttal Expert Disclosure Deadline | Mon., April 10, 2023 | Mon., July 10, 2023 |
| Discovery Cutoff Deadline | Mon., May 8, 2023 | Mon., August 7, 2023 |
| Dispositive Motion Deadline | Tues., June 6, 2023 | Weds., Sept. 6, 2023 |
| Pre-Trial Order Deadline | Thurs., July 6, 2023 | Fri., Oct. 6, 2023 |

### A.   Motions in Limine/*Daubert* Motions.

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

### B.   Extensions or Modification of the Discovery Plan and Scheduling Order.

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a

deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

    (a)    A statement specifying the discovery completed;

    (b)    A specific description of the discovery that remains to be completed;

    (c)    The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

    (d)    A proposed scheduled for completing all discovery.

This request for an extension is made in good faith and joined by all the parties in this case.  The Request is timely pursuant to LR 26-3.  Trial is not yet set in this matter and dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.  Moreover, since this request is a joint request, neither party will be prejudiced.  The extension will allow the parties the necessary time to complete discovery.

| | |
|---|---|
| DATED this 23rd day of February, 2023. | DATED this 24th day of February, 2023. |
| GOODWIN LAW GROUP | MEDICAL DEFENSE LAW GROUP |
| /s/ Charles Goodwin | /s/ Melanie Chapman |
| CHARLES GOODWIN<br>Nevada Bar No. 14879<br>3100 W Charleston Blvd<br>Las Vegas, NV 89102<br><br>**Attorneys for Plaintiff**<br>**Ramon Muric-Dorado** | PAUL A. CARDINALE<br>Nevada Bar No. 8394<br>MELANIE B. CHAPMAN<br>Nevada Bar No. 6223<br>2965 South Jones Blvd., Ste. E1<br>Las Vegas, NV 89146<br><br>**Attorneys for Defendant**<br>**NaphCare, Inc.** |

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

DATED this 23rd day of February, 2023.

KAEMPFER CROWELL

/s/ Lyssa S. Anderson
_____
LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants Richard Newman, Angela Patton, James Portello, Cesar Esparza, Kenneth Kelsey, Rogelio Mariscal, Tutulupeatau Mataele, Raymond Bunch, Kimberly Shrewsberry, Cheryl Whetsel, Gerald Razo, Jesse Reynolds, Bryce Walford, Tanya Vai, Kyle Banagan, Ty-Yiviri Glover, Stephen White, Christopher Hunter, Douglas Taylor, Michael Chambers, and Mitchell Green*

**IT IS SO ORDERED.**

Dated this 24th day of February 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**