CHARLES R. GOODWIN, ESQ.
Nevada Bar No. 14879
GOODWIN LAW GROUP, PLLC
6671 S Las Vegas Blvd
Building D Suite 210
Las Vegas, NV 89119
Telephone (702) 472-9594
charles@goodwinlawgroup.net
*Attorney for plaintiff Ramon Muric-Dorado*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAMON MURIC-DORADO, | CASE NO. 2:18-cv-01184-JCM-EJY |
| Plaintiff, | |
| v. | |
| LVMPD, et. al., | **STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE NUNC PRO TUNC (FIFTH REQUEST)** |
| Defendants. | |

The parties, by and through their undersigned counsel, respectfully submit this Stipulation to Extend Time nunc pro tunc. Although the deadline for filing this stipulation was October 14th, 2025, the parties request that the Court grant the extension as if timely filed. The brief delay in filing was the result of counsel's inadvertent miscalculation of the deadline, compounded by several urgent client matters that arose on the day the stipulation was due. The mistake was promptly discovered and corrected, and the parties acted in good faith throughout. No party will be prejudiced by the short delay, and granting this stipulation will not disrupt the Court's schedule or the progress of this case. Good cause exists to grant this request under Federal Rule of Civil Procedure 6(b)(1)(B).

## I. DISCOVERY COMPLETED TO DATE

Discovery has been completed. It officially closed on February 14, 2025.

## II. DISCOVERY YET TO BE COMPLETED.

Discovery has been completed. The parties are requesting an extension of the current dispositive motion and corresponding response deadlines only.

**III.    REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.**

The parties respectfully request a forty-five (45) day extension of the current dispositive motion deadline. Counsel for Plaintiff conferred with counsel for Defendants, who agreed to the requested extension. On the day the stipulation was to be finalized and filed, counsel was required to address several urgent client matters that demanded immediate attention. In addition, counsel inadvertently miscalendared the due date for the stipulation because there were two dates in the order, October 14, 2025 on page 1, and October 15, 2025 on page 3. The oversight was discovered after regular business hours, at which point the stipulation could not be submitted without review by opposing counsel. As a result, the stipulation is being filed one day late.

Federal Rule of Civil Procedure 6(b)(1)(B) authorizes the Court to extend filing deadlines where the failure to act was the result of excusable neglect. Excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S. Ct. 1489, 1496 (1993). In determining whether neglect is excusable, courts apply an equitable four-factor test considering: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010). This inquiry is "an equitable one" that weighs all relevant circumstances. *Patriot Reading Assocs., LLC v. Tadlock (In re Tadlock)*, No. 2:17-cv-02096-JCM, at *3 (D. Nev. June 22, 2018).

Counsel respectfully requests a forty-five (45) day extension to respond to the dispositive motions for two primary reasons. First, this case presents complex legal and factual issues in an area of law with which defense counsel has limited prior experience. This is the only civil rights action in which counsel has appeared, and the applicable substantive law and procedural requirements under the Federal Rules of Civil Procedure are new and unfamiliar. Counsel has been diligent in reviewing the relevant authorities and preparing responses but requires additional time to do so thoroughly and effectively. Second, counsel's primary practice is criminal defense litigation, which often involves urgent, rapidly developing matters and court-imposed deadlines that cannot be postponed. These obligations occasionally limit counsel's ability to devote uninterrupted time to this case. Despite these

challenges, counsel has acted diligently and in good faith and submits that a brief extension is necessary to ensure that the response is complete, accurate, and helpful to the Court.

All four factors support the finding of excusable neglect. The stipulation is only one day late, the delay was promptly addressed once discovered, the requested extension is unopposed, and no prejudice will result to any party or to the proceedings. Accordingly, good cause exists for the Court to grant the extension nunc pro tunc.

## IV.    PROPOSED EXTENDED DEADLINES

The Parties respectfully request this court enter an order as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Response to Dispositive Motions | October 14 (or 15), 2025 for all Motions filed | November 28, 2025 |
| Pre-Trial Order Deadline | November 15, 2025 | December 30, 2025 |

### a.  MOTIONS IN LIMINE/DAUBERT MOTIONS.

Under LR 16-3(b), any motions in limine, including Daubert motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

### b.  EXTENSIONS OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER.

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)    A statement specifying the discovery completed;

1    (b)    A specific description of the discovery that remains to be completed;

2    (c)    The reasons why the deadline was not satisfied or the remaining discovery was not

3  completed within the time limits set by the discovery plan; and

4    (d)    A proposed scheduled for completing all discovery.

5  \\\

6  \\\

7  \\\

8  \\\

9  \\\

10  \\\

11  \\\

12  \\\

13  \\\

14  \\\

15  \\\

16  \\\

17  \\\

18  \\\

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

This request for an extension is made in good faith and is joined by all parties. Although the request is not timely, the circumstances constitute excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). Trial has not yet been set in this matter, and granting the requested extension will not cause any delay in the proceedings. Because this is a joint request, no party will be prejudiced by the brief extension. Rather, the additional time will enable the parties to prepare and file dispositive motions and their respective responses in a thorough and complete manner, which will assist the Court in resolving the issues before it.

DATED this 15 day of October, 2025.

GOODWIN LAW GROUP

 /s/ Charles R. Goodwin
_____
CHARLES R. GOODWIN
Nevada Bar No. 14879
3100 W Charleston Blvd
Las Vegas, NV 89102

*Attorneys for Plaintiff*
*Ramon Muric-Dorado*

DATED this 15 day of October, 2025.

KAEMPFER CROWELL

 /s/ Travis Studdard
_____
LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS STUDDARD
Nevada Bar No. 16454
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135

*Attorneys for Defendants*
**LVMPD et. al.**

**IT IS SO ORDERED.**

Dated October 17, 2025.

_____
**UNITED STATES DISTRICT JUDGE**